```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY

UNITED STATES,                  :    Criminal No. 14-263 (JEI)
                                :
        Plaintiff,              :    ORDER GRANTING DEFENDANT'S
                                :    MOTION TO DEPOSE DAVID
        v.                      :    ORLANDO DURAN FLOREZ
                                :       (Docket # 174)
JOSEPH SIGELMAN,                :
                                :
        Defendant.              :
```

**APPEARANCES:**

PAUL FISHMAN, U.S. ATTORNEY, DISTRICT OF NEW JERSEY
By:  Daniel S. Kahn, Esq.
     Zach Intrater, Esq.
     Glenn J. Moramarco, Esq.
970 Broad Street, Suite 700
Newark, New Jersey 07102
            Counsel for Plaintiff


QUINN EMANUEL URQUHART & SULLIVAN LLP
By:  Juan Pablo Morillo, Esq.
     William A. Burck, Esq.
777 6th Street NW, 11th Floor
Washington, D.C. 20001

    and

FOX ROTHSCHILD, LLP
By:  Patrick J. Egan, Esq.
     Matthew S. Olesh, Esq.
2000 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103
            Counsel for Defendant

1

**IRENAS,** Senior United States District Judge:

This matter having come before the Court upon Defendant's Motion for "Discovery to Depose David Orlando Duran Florez" (Docket #174), the Court having considered Defendant's submissions, for the reasons stated on the record during the status conference held on April 7, 2015, and it appearing that:

(1)  David Orlando Duran Florez ("the prospective witness"), a Columbian citizen, is currently in the Columbian government's custody on criminal charges.

(2)  Defendant seeks to depose the prospective witness in order to preserve his testimony in the event that the prospective witness is unable to testify at Defendant's trial. *See* Fed. R. Crim. P. 15(a)(1) ("A party may move that a prospective witness be deposed in order to preserve testimony for trial.").

(3)   The United States does not oppose the Motion.  *See* Fed. R. Crim. P. 15(h) ("The parties may by agreement take and use a deposition with the court's consent.").

(4)   Counsel for Defendant represented on the record during the status conference that if the prospective witness's testimony cannot be obtained, the defense will not seek a mid-

trial adjournment on the basis of the unavailability of the prospective witness's testimony.

**IT IS** on this 8th day of April, 2015,

**ORDERED THAT:**

(1)  Defendant's Motion for Discovery to Depose David Orlando Duran Florez (Docket # 174) is hereby **GRANTED.**

(2)  Defendant shall not seek a mid-trial adjournment on the basis of the unavailability of the prospective witness's testimony.

    __s/ Joseph E. Irenas_____
    JOSEPH E. IRENAS, S.U.S.D.J.