UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 14-263 (JEI) |
| v. | : | |
| JOSEPH SIGELMAN | : | Hon. Joseph E. Irenas |

MEMORANDUM OF THE UNITED STATES
IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE # 2 (SEEKING TO
EXCLUDE REFERENCES TO COLOMBIAN ARRESTS)

Andrew Weissmann
Chief
United States Department of Justice
Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
(202) 514-2000

On the Brief:
Patrick Stokes
Deputy Chief, Fraud Section
Daniel S. Kahn
Assistant Chief, Fraud Section
Tarek Helou
Assistant Chief, Fraud Section

Paul J. Fishman
United States Attorney
District of New Jersey
970 Broad Street
Suite 700
Newark, New Jersey 07102
(973) 645-2700


Glenn Moramarco
Assistant U.S. Attorney
Zach Intrater
Assistant U.S. Attorney

**Response to Defendant's Motion *in Limine* to Exclude References to Colombian Arrests**

Defendant Joseph Sigelman has been charged with, among other crimes, bribing David Duran, an employee of Ecopetrol, S.A., Colombia's state-owned oil company. On or about March 11, 2015, Duran and five other Ecopetrol employees were arrested in Colombia for violating Colombia's public corruption statute by taking bribes from PetroTiger.

Defendant has moved to exclude from trial all references to the arrests in Colombia. *See* Defendant's Motion in Limine at 5. Defendant argues that because the Colombian arrests supposedly relate to a bribery scheme different than the one at issue here, references to those arrests would be irrelevant under Federal Rule of Evidence 401. *Id.* at 5-6. But this is not so: Defendant himself, in other papers filed in this case, has conceded that Duran was charged with taking the bribes that Defendant has been charged – in this case – with paying him. *See* Defendant's Motion to Depose David Duran, Doc. # 174 at 3 (stating that Duran was charged "under Colombian law with crimes in connection with the PetroTiger–Mansarovar Contract at issue in this case."). Defendant's Motion in Limine does not state clearly whether Defendant seeks an order excluding evidence of all six arrests, excluding only evidence of Duran's arrest, or excluding evidence of the other five Ecopetrol employees. Evidence of all six arrests, however, is admissible and relevant under Rule 401 for at least two reasons. First, it tends to prove that Duran and other Ecopetrol

2

employees were "public officials" under the Foreign Corrupt Practices Act.[1] Second, evidence of Duran's arrest is also admissible because Defendant is paying for two law firms to represent Duran, including a firm in the Colombian case, making that evidence classic impeachment material for Duran and also showing Defendant's relationship with him.

## I. Evidence of the Arrests in Colombia Shows that Ecopetrol is an Instrumentality of the Government of Colombia

The FCPA prohibits any U.S. citizen, including Defendant, from bribing a foreign official to obtain or retain business. 15 U.S.C. §§ 78dd-2(a)(1), (3). Duran and other Ecopetrol employees were foreign officials under the FCPA if they were officers or employees of "a foreign government or any department, agency, or instrumentality thereof." *Id.* § 78dd-2(h)(2)(A). In this case, the Government will prove that Duran was an employee of Ecopetrol and that Ecopetrol was an instrumentality of the government of Colombia. Defendant has argued, however, that Duran is *not* a foreign official because Ecopetrol is *not* an agency or instrumentality of a foreign government (*see, e.g.,* Defendant's Motion to Dismiss, Doc. # 112), that Defendant believed that Duran was not an Ecopetrol employee (*see* Defendant's Motion to Depose David Duran, Doc. # 174 at 8), and that PetroTiger paid Duran as a consultant, not as an Ecopetrol employee (*id.*). Therefore, any evidence showing that Ecopetrol is an agency or instrumentality of a foreign government is relevant because it has a tendency to make a material fact more or less probable than it would be without the

---

[1] Evidence of all six arrests is also admissible as explained in the Government's Motion in Limine to Admit Certain Evidence as Intrinsic to the Crimes Charged or Pursuant to Federal Rule of Evidence 404(b). Doc. # 171.

evidence.  *See United States v. Lee*, 612 F.3d 170, 184 n.14 (3d Cir. 2010) (citing Fed. R. Evid. 401).

Here, the Colombian arrests tend to show that the Colombian government perceives Ecopetrol to be an instrumentality of the Colombian government and also perceives employees of Ecopetrol, including Duran and the five other Ecopetrol employees who were arrested, to be public officials. Whether the Colombian government perceives Ecopetrol to be a government instrumentality is relevant to determining whether Ecopetrol is a government instrumentality under the FCPA.  *See, e.g., United States v. Esquenazi*, 752 F.3d 912, 926 (11th Cir. 2014) (including as a factor in its instrumentality analysis "whether the public and the government of that foreign country generally perceive the entity to be performing a governmental function"); *United States v. Carson*, 2011 U.S. Dist. LEXIS 88853 (C.D. Cal. May 18, 2011) (listing several factors that bear on the question of whether a business entity constitutes a government instrumentality, including "[t]he foreign state's characterization of the entity and its employees").  Evidence regarding all six Colombian arrests is therefore relevant under Rule 401 for the general proposition that Ecopetrol is a Colombian instrumentality, and for the more specific proposition that Ecopetrol employees, including Duran, were Colombian public officials and therefore Duran was a "foreign official" under the FCPA.

Defendant argues that the probative value of the Colombian arrests is substantially outweighed by a danger of unfair prejudice because jurors are

4

"likely to fall prey to the fallacy of guilt by association and conclude – without any basis in fact – that [Defendant] is guilty of the bribery charges he faces in this case . . . ." (*See* Defendant's Motion in Limine at 6.)  But the Court must weigh this speculative threat of unfair prejudice against the probative value of the evidence the Government intends to introduce.  Here, the probative value of the Colombian arrests, which will establish a key component of the Government's case, substantially outweighs any threat of confusion on the jury's part.  In any event, if the Court disagrees, under Federal Rule of Evidence 105 it can mitigate the threat of prejudice by offering a limiting instruction explaining to the jury that the Colombian arrests can be used only to evaluate whether the Colombian government treats Ecopetrol as an instrumentality, and not for the purposes of determining whether Defendant committed any crimes.  *See, e.g.*, *Bianchi v. City of Phila.*, 2002 U.S. Dist. LEXIS 11512, *14-15 (E.D. Pa. May 13, 2002) (finding no abuse of discretion where court admitted evidence over Rule 403 objections in part because "a limiting instruction accompanied its admission").

II. **Defendant is Paying Duran's Attorneys' Fees in the Criminal Case in Colombia, Making the Colombia Arrests Relevant to Duran's Testimony and to Defendant's Relationship with Duran**

Duran's arrest in Colombia is also relevant to this trial because Sigelman is paying for Duran's attorney in this case and in the Colombian government's case against Duran.  (Defendant's Motion to Depose David Duran, Doc. # 174 at 10-11.)  Evidence of Duran's bias toward Defendant would tend to make his testimony less credible in the eyes of the jury than it would be without evidence

5

of that bias. *See United States v. Abel*, 469 U.S. 45, 51 (U.S. 1984). Bias describes the relationship between a party and a witness "which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *Id.* at 52. Proof of bias is almost always relevant because the jury, as finder of fact and arbiter of credibility, must assess all evidence bearing on the accuracy and truth of a witness's testimony. *Id.*

In this case, the Government is entitled to question Duran about potential bias toward Defendant. Evidence that Defendant paid Duran's attorneys' fees could lead the jury to infer that Duran would slant his testimony to protect Defendant. *See United States v. Coviello*, 225 F.3d 54, 69 (1st Cir. 2000) (evidence that defendant had paid witness's prior attorneys' fees and might pay witness's attorney's fees at trial was evidence of bias). Evidence that a defendant paid a witness's attorneys' fees is relevant and not unduly prejudicial. *Id.*

Testimony that Defendant paid Duran's attorneys would also be "highly probative evidence" of the criminal relationship between Defendant and Duran. *See United States v. Simmons*, 923 F.2d 934, 949 (2d Cir. 1991) (payment of attorneys' fees by one individual on behalf of other suspected members of criminal enterprise may imply facts about prior or present relationship). The charges that Duran faces in Colombia are "directly connected to the facts alleged in this case." (Defendant's Motion to Depose David Duran, Doc. # 174 at 9.) Therefore, evidence that Defendant paid Duran's attorneys' fees would

6

show that they had a close relationship, and the jury could determine that it was a criminal relationship.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court deny Defendant's Motion in Limine # 2 (seeking exclusion of references to arrests in Colombia).

                                                Respectfully submitted,

                                                ANDREW WEISSMANN
                                                Chief
                                                United States Department of Justice
                                                Fraud Section

                                                PAUL J. FISHMAN
                                                United States Attorney
                                                District of New Jersey

                              By:    /s/ Zach Intrater
                                                PATRICK STOKES
                                                Deputy Chief
                                                DANIEL S. KAHN
                                                Assistant Chief
                                                TAREK HELOU
                                                Assistant Chief
                                                GLENN MORAMARCO
                                                Assistant U. S. Attorney
                                                ZACH INTRATER
                                                Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 14-263 (JEI) |
| v. | : | |
| JOSEPH SIGELMAN | : | Hon. Joseph E. Irenas |

CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, the foregoing opposition to Defendant's Motion in Limine # 2 (seeking exclusion of references to arrests in Colombia) was filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary.  Notice of this filing will be sent to all parties by operation of the CM/ECF system, and the parties to this action may access this filing through CM/ECF.

By:   /s/ Zach Intrater
ZACH INTRATER
Assistant U.S. Attorney