UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | Criminal No. 14-263 (JEI) |
| Plaintiff, | : | **ORDER CONCERNING THE POTENTIAL TRIAL TESTIMONY OF** |
| v. | : | **DAVID ORLANDO DURAN FLOREZ** |
| JOSEPH SIGELMAN, | : | |
| Defendant. | : | |

**APPEARANCES:**

PAUL FISHMAN, U.S. ATTORNEY, DISTRICT OF NEW JERSEY
By: Daniel S. Kahn, Esq.
    Zach Intrater, Esq.
    Glenn J. Moramarco, Esq.
970 Broad Street, Suite 700
Newark, New Jersey 07102
        Counsel for Plaintiff


QUINN EMANUEL URQUHART & SULLIVAN LLP
By: Juan Pablo Morillo, Esq.
    William A. Burck, Esq.
777 6th Street NW, 11th Floor
Washington, D.C. 20001

    and

FOX ROTHSCHILD, LLP
By: Patrick J. Egan, Esq.
    Matthew S. Olesh, Esq.
2000 Market Street, 28th Floor
Philadelphia, Pennsylvania 19103
        Counsel for Defendant

1

**IRENAS,** Senior United States District Judge:

The Government having advised the Court that an Order stating the Court's intentions for David Orlando Duran Florez's ("the prospective witness'") possible trial testimony would facilitate the ongoing MLAT request process, and it appearing that:

(1) On April 7, 2015, the Court held a telephonic status conference on the record. At that time, the Court and the parties discussed two related issues: (a) Defendant's pending Rule 15 Motion to Depose the prospective witness; and (b) the ways in which the prospective witness' testimony might be presented at trial.

(2) As to issue (a), the Court entered an Order the following day (April 8, 2015) granting Defendant's Motion to Depose, see Docket Entry 188.

(3) In the April 8th Order, however, the Court did not explicitly address issue (b). This Order memorializes the Court's intentions as to issue (b):

**IT IS** on this 15th day of April, 2015,
**ORDERED THAT:**

(1) The Court's first preference is to have the prospective witness personally appear in the courtroom to testify live on the witness stand, consistent with the usual practice.

(2) However, in recognition of the realities that the prospective witness is a Columbian national and currently in the custody of the Columbian government on criminal charges, the Court's second preference is to have the prospective witness testify from Columbia, or other remote site, via live video teleconference.

(3) The Court's third preference is to have testimony presented via prerecorded video of the prospective witness' Rule 15 deposition.

                                                                         JOSEPH E. IRENAS, S.U.S.D.J.

3