Patrick J. Egan
Matthew S. Olesh
FOX ROTHSCHILD LLP
2000 Market Street, 20th Fl.
Philadelphia, PA 19103
Tel: 215-299-2825
Fax: 215-299-2150
pegan@foxrothschild.com

William A. Burck
Juan P. Morillo
Benjamin A. O'Neil
M. Veronica Yepez
Jonathan Cooper
QUINN EMANUEL URQUHART
& SULLIVAN LLP
777 6th Street NW
Washington, DC 20001
Tel: 202.538.8000
Fax: 202.538.8100
williamburck@quinnemanuel.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

JOSEPH SIGELMAN

Case No. 14-00263-1 (JEI)

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Joseph Sigelman, by and through his undersigned attorneys, respectfully submits the following proposed jury instructions.  Nothing in these proposed instructions is intended as a waiver of any legal or evidentiary objection Mr. Sigelman may otherwise assert.

## Index

PRELIMINARY INSTRUCTIONS ....................................................................................1

    Preliminary Instructions to Jury Panel .................................................................2

    Role of the Jury ...................................................................................................4

    Conduct of the Jury .............................................................................................6

    Pretrial Publicity .................................................................................................9

    Bench (Side-Bar) Conference ............................................................................10

    Note Taking by Jurors .......................................................................................11

    Questions by Jurors of Witnesses ......................................................................13

    Description of Trial Proceedings ........................................................................14

    Evidence (What is; is not)..................................................................................16

    Direct and Circumstantial Evidence ..................................................................19

    Credibility of Witnesses....................................................................................20

    Nature of the Indictment ...................................................................................22

    Elements of the Offenses Charged.....................................................................23

    Presumption of Innocence; Burden of Proof; Reasonable Doubt .......................27

    Separate Consideration – Single Defendant Charged with Multiple Offenses.................29

INSTRUCTIONS REGARDING SPECIFIC ISSUES  DURING THE TRIAL...........................30

    Audio/Video Recordings – Transcript ..............................................................31

PROPOSED FINAL JURY CHARGE.................................................................................33

    Role of the Jury .................................................................................................34

    Evidence............................................................................................................36

    Direct and Circumstantial Evidence ..................................................................39

    Inference of Participation From Presence or Association.....................................41

    Impermissible to Infer Participation From Association........................................42

i

Credibility of Witnesses.................................................................................................43

Presumption of Innocence; Burden of Proof; Reasonable Doubt ...................................45

Nature of the Indictment ..................................................................................................47

In or Around.......................................................................................................................48

Elements of the Offenses Charged....................................................................................49

Separate Consideration – Single Defendant Charged with Multiple Offenses.................53

Verdict Form ......................................................................................................................54

Audio/Video Recordings - Transcripts .............................................................................55

Opinion Evidence (Expert Witnesses)..............................................................................57

Opinion Evidence (Lay Witnesses) (F.R.E. 701) ............................................................58

Summaries – Underlying Evidence Admitted ..................................................................59

Summaries – Underlying Evidence Not Admitted (F.R.E. 1006) ....................................60

Credibility of Witnesses - Law Enforcement Officer ......................................................61

Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related
    Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses...............62

Credibility of Witnesses - Testimony of Informer...........................................................63

Impeachment of Witness - Prior Inconsistent Statement for Credibility Only.................64

Impeachment of Witness - Bad Character for Truthfulness (F.R.E. 608(a))....................65

Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))..............................................66

Impeachment of Witness - Prior Conviction (F.R.E. 609) ..............................................67

Defendant's Choice not to Testify or Present Evidence ...................................................68

Defendant's Testimony......................................................................................................69

Defendant's Character Evidence........................................................................................70

Impeachment of Defendant's Character Witness .............................................................71

Proof Of Required State of Mind.......................................................................................73

Knowingly..........................................................................................................................74

Intentionally ...................................................................................................75

Willfully ...........................................................................................................76

Motive Explained ............................................................................................77

Good Faith Defense .........................................................................................78

COUNT ONE ...........................................................................................................80

Conspiracy To Commit An Offense Against The United States - Basic Elements
    (18 U.S.C. § 371) .....................................................................................81

Conspiracy – Existence of an Agreement ........................................................83

Conspiracy – Membership in the Agreement ...................................................85

Conspiracy – Mental States .............................................................................87

Conspiracy – Overt Acts ..................................................................................88

Conspiracy – Acts and Statements Of Co-Conspirators ..................................89

Conspiracy—Substantive offenses implicated in Count One ...........................90

Elements of Wire Fraud and Honest-Services Fraud – 18 U.S.C. § 1343, 1346...............91

"Intent to Defraud" Defined.............................................................................92

Elements of the Foreign Corrupt Practices Act – 15 U.S.C. § 78dd-2 .........................93

COUNTS TWO, THREE, AND FOUR ....................................................................94

Elements of the Foreign Corrupt Practices Act – 15 U.S.C. § 78dd-2 .........................95

"Domestic Concern" Defined ...........................................................................97

"Corruptly" Defined.........................................................................................98

"Willfully" Defined ..........................................................................................99

"Interstate Commerce" Defined......................................................................100

"Foreign Official" Defined .............................................................................101

"Instrumentality" Defined..............................................................................102

Promise or Authorization to Pay....................................................................104

"Knowingly" Defined .....................................................................................105

iii

"Obtaining or Retaining Business" ...................................................................................... 106

COUNT FIVE ............................................................................................................................ 107

Conspiracy to Commit Money Laundering .................................................................... 108

Conspiracy to Commit Money Laundering – First Alleged Objective ........................... 109

Conspiracy to Commit Money Laundering – Second Alleged Objective ...................... 110

Conspiracy to Commit Money Laundering – Essential Elements .................................. 111

Elements of First Alleged Objective – Section 1956(a)(2)(A) ....................................... 112

Elements of Second Alleged Objective – Section 1957 ................................................. 113

18 U.S.C. § 1957 – First Element ................................................................................... 114

18 U.S.C. § 1957 – Second Element ............................................................................... 115

18 U.S.C. § 1957 – Third Element .................................................................................. 116

18 U.S.C. § 1957 – Fourth Element ................................................................................ 117

18 U.S.C. § 1957 – Fifth Element ................................................................................... 118

COUNT SIX ............................................................................................................................. 119

18 U.S.C. § 1957 and 18 U.S.C. § 2 – Elements ........................................................... 120

# PRELIMINARY INSTRUCTIONS

**Proposed Jury Instruction No. 1**

<u>**Preliminary Instructions to Jury Panel**</u>

I am Judge Irenas, the trial judge in this case. You have been called to this courtroom as a panel of prospective jurors for the case of United States v. Joseph Sigelman.  This is a criminal case in which Joseph Sigelman is charged with committing the crimes of conspiracy, violating the Foreign Corrupt Practices Act, conspiracy to commit money laundering, and transacting in criminal proceeds.

From this panel we will select the jurors who will sit on the jury that will decide this case. We will also select alternate jurors, who will be part of this trial and available in the event that one of the regular jurors becomes ill or is otherwise unable to continue on the jury.

We rely on juries in this country to decide cases tried in our courts, so service on a jury is an important duty of citizenship.  Jurors must conduct themselves with honesty, integrity, and fairness.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial.  That is, from the evidence seen and heard in court, the jury decides what the facts are, and then applies to those facts the law that I will give in my instructions to the jury.  My role as the trial judge is to make whatever legal decisions must be made during the trial and to explain to the jury the legal principles that will guide its decisions.

We recognize that you are all here at some sacrifice.  However, we cannot excuse anyone merely because of personal inconvenience, unless serving on this jury would be a compelling hardship.

In a few minutes you will be sworn to answer truthfully questions about your qualifications to sit as jurors in this case.  This questioning process is called the voir dire.  It is,

2

of course, essential that you answer these questions truthfully; a deliberately untruthful answer could result in severe penalties.

The voir dire examination will begin with a brief statement about the particulars of this case. The purpose of this statement is to tell you what the case is about and to identify the parties and their lawyers.

Questions will then be asked to find out whether any of you have any personal interest in this case or know of any reason why you cannot render a fair and impartial verdict. We want to know whether you are related to or personally acquainted with any of the parties, their lawyers, or any of the witnesses who may appear during the trial, and whether you already know anything about this case. Other questions will be asked to determine whether any of you have any beliefs, feelings, life experiences, or any other reasons that might influence you in rendering a verdict.

The questions are not intended to embarrass you. If you have a response that you are uncomfortable sharing publicly, please let me know and I will see that you are questioned in private. I also may decide on my own that questions should be asked in private.

After this questioning, some of you will be chosen to sit on the jury for this case. If you are not chosen, you should not take it personally and you should not consider it a reflection on your ability or integrity.

There may be periods of silence during the voir dire process, when the lawyers and I are not speaking openly. During those times you may talk, but you must not talk about this case or about the voir dire questions and answers.

**Authority:** Adapted from Third Circuit Model Instruction 1.01.

**Proposed Jury Instruction No. 2**

<u>**Role of the Jury**</u>

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own notion or opinion about what the law is or ought to be. You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color,

religion, national ancestry, gender, profession, occupation, celebrity, economic circumstances, or

position in life or in the community.

**Authority:**  Adapted from Third Circuit Model Instruction 1.02.

**Proposed Jury Instruction No. 3**

**<u>Conduct of the Jury</u>**

Here are some important rules about your conduct as jurors:

(1) Keep an open mind.  Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

 (2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.  You need to allow each juror the opportunity to keep an open mind throughout the entire trial.  During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors.  It is important not only that you do justice in this case, but that you give the appearance of justice.  If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately.  Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your spouse, family, and friends.  You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last.  However, you should also tell them that the judge instructed you not to talk any more about the case and that they

should not talk to you about it.  The reason for this is that sometimes someone else's thoughts can influence you.  Your thinking should be influenced only by what you learn in the courtroom. After the verdict is announced you may talk to family and friends about the case.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news, internet stories, articles, or blogs about the case, or about anyone involved with it.  Until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all.  I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  You must decide this case based only upon the evidence presented in the courtroom and the instructions I give you.

(7) Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations.  These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, MySpace, LinkedIn, and YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8) Do not do any research or make any investigation on your own about the parties in this case or any matters relating to this case or this type of case.  This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or

search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case.  Please do not try to find out information from any source outside the confines of this courtroom.  You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.  It would be improper for you to try to supplement that information on your own.

(9) Finally, you should not concern yourselves with or consider the possible   punishment that might be imposed if you return a verdict of guilty.

**Authority:**  Adapted from Third Circuit Model Instruction 1.03.

**Proposed Jury Instruction No. 4**

**<u>Pretrial Publicity</u>**

There has been substantial publicity about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court and who, therefore, cannot be seen and evaluated by the jury like all of the other witnesses and will not be examined or cross-examined by either of the parties under oath.   Press accounts may also contain opinions instead of facts, and those opinions may not be based on the evidence to be presented in court.

You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

To rely upon anything you see or hear outside of this courtroom in reaching your verdict is a violation of your oath as a juror.

**Authority:** Adapted from O'Malley et al., Federal Jury Practice and Instructions § 10.02.

**Proposed Jury Instruction No. 5**

**<u>Bench (Side-Bar) Conference</u>**

During the trial it may be necessary for me to talk with the lawyers out of your hearing. That is called a bench or side-bar conference. If that happens, please be patient. We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing. We are not trying to keep important information from you. These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence. We will, of course, do what we can to keep the number and length of these conferences to a minimum. If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

**Authority:** Third Circuit Model Instruction 1.04.

## Proposed Jury Instruction No. 6

### <u>Note Taking by Jurors</u>

At the end of the trial you must make your decision based on what you remember of the evidence. You will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1)  Note-taking is permitted, but it is not required. You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

(2)  Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3)  Your notes are memory aids; they are not evidence. Most importantly, an individual juror's notes may be used by that juror only and may not be shown to or shared with other jurors. Notes are only a memory aid and a juror's notes may be used only as an aid to refresh that particular juror's memory and assist that juror in recalling the actual testimony. Each of you must rely on your own independent recollection of the proceedings. Notes are not a record or written transcript of the trial. Whether or not you take notes, you will need to rely on your own memory

of what was said.  Notes are only to assist your memory; you should not be overly influenced by notes.

(4)  In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes.  Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater weight than each juror's independent memory of the evidence.  You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5)  You should not take your notes away from court.

My staff is responsible for making sure that no one looks at your notes.  Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.

**Authority:** Adapted from Third Circuit Model Instruction 1.05.

**Proposed Jury Instruction No. 7**

**<u>Questions by Jurors of Witnesses</u>**

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Authority:** Third Circuit Model Instruction 1.06.

## Proposed Jury Instruction No. 8

### Description of Trial Proceedings

The trial will proceed in the following manner:

First:  The lawyers will have an opportunity to make opening statements to you.  The prosecutor may make an opening statement at the beginning of the case. Mr. Sigelman's lawyer may make an opening statement after the prosecutor's opening statement or Mr. Sigelman may postpone the making of an opening statement until after the Government finishes presenting its evidence.  Mr. Sigelman is not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

Second:  After opening statements, the Government will introduce the evidence that it thinks proves the charges stated in the indictment.  The Government will present witnesses and Mr. Sigelman's lawyers may cross-examine those witnesses.  The Government may also offer documents and other exhibits into evidence.

Third:  After the Government has presented its evidence, Mr. Sigelman may present evidence, but he is not required to do so.  As I will tell you many times during this trial, the Government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  Mr. Sigelman is presumed to be innocent of the charges. The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth:  After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from

the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Fifth:  After you have heard the closing arguments, I will give you orally [and in writing] the final instructions concerning the law that you must apply to the evidence presented during the trial.  As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Sixth:  After my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous; all twelve of you must agree to it.

You must keep your minds open during this trial.  Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence; in other words, until you begin your deliberations.

**Authority:** Third Circuit Model Instruction 1.07.

## Proposed Jury Instruction No. 9

### <u>Evidence (What is; is not)</u>

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness's answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom. You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

16

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

17

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

**Authority:** Third Circuit Model Instruction 1.08.

**Proposed Jury Instruction No. 10**

**Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence.  You may use both types of evidence in reaching your verdict.

Direct evidence is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts.  An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The Government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you are to decide how much weight to give any evidence.

**Authority:** Third Circuit Model Instruction 1.09.

19

## Proposed Jury Instruction No. 11

### <u>Credibility of Witnesses</u>

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe.  You are the sole judge of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful?  Is the witness's testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

 (1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness's testimony in court;

20

(7) Whether the witness's testimony is consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

**Authority:** Third Circuit Model Instruction 1.10.

21

**Proposed Jury Instruction No. 12**

**Nature of the Indictment**

The Government has charged the defendant Joseph Sigelman with violating federal law, specifically with committing the crimes of conspiracy, violating the Foreign Corrupt Practices Act, conspiracy to commit money laundering, and transacting in criminal proceeds. The charges against Mr. Sigelman are contained in the indictment. An indictment is just the formal way of specifying the exact crimes Mr. Sigelman is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Sigelman has been indicted in making your decision in this case.

**Authority:** Third Circuit Model Instruction 1.11.

**Proposed Jury Instruction No. 13**

**<u>Elements of the Offenses Charged</u>**

The defendant Joseph Sigelman is charged in the indictment with committing the crimes of conspiracy, violating the Foreign Corrupt Practices Act, conspiracy to commit money laundering, and transacting in criminal proceeds.  To help you follow the evidence, I will now give you a brief summary of the elements of these crimes, each of which the Government must prove beyond a reasonable doubt in order to convict Mr. Sigelman of the offenses charged.

The crime of conspiracy to commit an offense against the United States has four essential elements, which are:

First: That two or more persons agreed to commit wire fraud, honest-services fraud, or the Foreign Corrupt Practices Act as charged in the indictment.  I will explain the elements of these offenses to you shortly.

Second: That the defendant was a party to or member of that agreement;

Third: That the defendant joined the agreement or conspiracy knowing of its objectives to commit wire fraud, honest-services fraud, or to violate the Foreign Corrupt Practices Act and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit offenses against the United States; and

Fourth: That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.  I will explain each of these elements to you in more detail shortly.

23

The offense of violating the Foreign Corrupt Practices Act has eight essential elements, which are:

First: The defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder thereof acting on behalf of such domestic concern, all concepts that I will define for you shortly;

Second: The defendant acted corruptly;

Third:  The defendant acted willfully;

Fourth: The defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute;

Fifth: The defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value;

Sixth: That the payment or gift was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

Seventh: That the payment was for one of four purposes:

    i.  To influence any act or decision of the foreign official in his or her official capacity;

    ii.  To induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

    iii.  To induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or

    iv.  To secure any improper advantage; and

Eighth: That the payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

I will explain each of these elements to you in more detail shortly.

The offense of conspiracy to commit money laundering has three essential elements, which are:

First: That two or more persons agreed to commit money laundering, as charged in the indictment;

Second: The defendant was a party to or member of that agreement;

Third: The defendant deliberately joined the conspiracy knowing of its purpose or objective to commit money laundering and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit money laundering.

I will explain each of these elements to you in more detail shortly.

The offense of engaging in monetary transactions in property derived from specified unlawful activity has five essential elements, which are:

First: The defendant engaged or attempted to engage in a transaction;

Second: The transaction was a monetary transaction;

Third: The transaction involved criminally derived property of a value greater than $10,000;

Fourth: The defendant knew that the property (the money) was derived from unlawful activity;

Fifth: The property (the money) was, in fact, derived from specified unlawful activity.

25

I will explain each of these elements to you in more detail shortly.

The offense of aiding and abetting has two essential elements, which are:

First: A substantive crime has been committed;

Second: The defendant knew of the crime and attempted to facilitate it.

What I have just told you is only a preliminary outline of the elements of the offenses charged.  At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.  Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.

**Authority:** Adapted from Third Circuit Model Instruction 1.12; *United States v. Esquenazi*, No. 1:09-cr-21010 (S.D. Fla. 2011), ECF No. 520; *United States v. Navarro*, 145 F.3d 580 (3d Cir. 1998) (elements of conspiracy to commit money laundering, modified by *Whitefield v. United States*, 543 U.S. 209 (2005)); *United States v. Caruso*, 948 F. Supp. 382 (D.N.J. 1996) (elements of engaging in monetary transactions in property derived from specified unlawful activity); *United States v. Frorup*, 963 F.2d 41 (3d Cir. 1992) (elements of aiding and abetting).

**Proposed Jury Instruction No. 14**

**<u>Presumption of Innocence; Burden of Proof; Reasonable Doubt</u>**

The defendant Joseph Sigelman has pleaded not guilty to the offenses charged.  Mr. Sigelman is presumed to be innocent.  He starts the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Sigelman unless and until the Government presents evidence that overcomes that presumption by convincing you that Mr. Sigelman is guilty of the offenses charged beyond a reasonable doubt.

The presumption of innocence requires that you find Mr. Sigelman not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt. The presumption of innocence means that Mr. Sigelman has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove that Mr. Sigelman is guilty, and this burden stays with the Government throughout the trial.

In order for you to find Mr. Sigelman guilty of the offenses charged, the Government must convince you that Mr. Sigelman is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

27

If, after hearing all the evidence, you are convinced that the Government has proved Mr. Sigelman guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

**Authority:** Third Circuit Model Instruction 1.13.

**Proposed Jury Instruction No. 15**

**<u>Separate Consideration – Single Defendant Charged with Multiple Offenses</u>**

Joseph Sigelman is charged with more than one offense; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged.  Each offense should be considered separately.

**Authority:** Third Circuit Model Instruction 1.14.

29

# INSTRUCTIONS REGARDING SPECIFIC ISSUES DURING THE TRIAL

## Proposed Jury Instruction No. 16

### <u>Audio/Video Recordings – Transcript</u>

You are about to hear an audio/video recording that was received in evidence, and you will be given a written transcript of the recording.  Keep in mind that the transcript is not evidence.  It is being given to you only as a guide to help you follow what was being said.  The recording itself is the evidence.  If you notice any differences between what you hear in the recording and what you read in the transcript, you must rely on what you hear, not what you read.  And if you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

[**If the Government and the defense each offer different transcripts, the Third Circuit Model Instructions recommend the following:**

You have been handed two separate transcripts. One contains the Government's interpretation of what appears on the tape recording; the other contains the defense's interpretation. Both of these versions of the transcript have been given to you as a guide to assist you in listening to the tapes. Neither transcript is evidence. Rather, it is the tape recording which is the evidence and the transcripts are only guides. Therefore, you must listen to the tapes themselves very carefully. You alone should make your own interpretation of what appears on the tapes from what you hear. You may use both the Government version and the defense version of the transcripts to assist you in this task. If you think you hear something differently than the Government or the defense has interpreted on their versions of the transcripts, then you are to follow your own interpretation. You may agree partially with each, and you may accept those portions you agree with and reject those portions you disagree with. You need not select

between the two versions, and you may come up with your own findings of what appears on the

tapes.]


**Authority:** Third Circuit Model Instruction 2.07.

# PROPOSED FINAL JURY CHARGE

## Proposed Jury Instruction No. 17

### Role of the Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must only apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

34

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based only on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

**Authority:** Adapted from Third Circuit Model Instruction 3.01.

## Proposed Jury Instruction No. 18

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence

was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

**Authority:** Third Circuit Model Instruction 3.02.

**Proposed Jury Instruction No. 19**

**<u>Direct and Circumstantial Evidence</u>**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses—something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

39

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

**Authority:** Third Circuit Model Instruction 3.03.

**Proposed Jury Instruction No. 20**

**<u>Inference of Participation From Presence or Association</u>**

You may not infer that Mr. Sigelman is guilty of participating in criminal conduct merely because you find he was present when that conduct was being committed or had knowledge that it was being committed.

**Authority:** Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 6-3; *see also Hicks v. United States*, 150 U.S. 442 (1893); *United States v. Miranda*, 425 F.3d 953 (11th Cir. 2005); *United States v. Manjarrez*, 258 F.3d 618 (7th Cir. 2001).

**Proposed Jury Instruction No. 21**

**<u>Impermissible to Infer Participation From Association</u>**

You may not infer that Mr. Sigelman was guilty of participating in criminal conduct merely because you find that he associated with other people who were guilty of wrongdoing.

**Authority:**  Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 6-4; *see also United States v. Miranda*, 425 F.3d 953 (11th Cir. 2005); *United States v. Manjarrez*, 258 F.3d 618 (7th Cir. 2001).

**Proposed Jury Instruction No. 22**

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judge of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness's testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness's knowledge, understanding, and memory;

(3) The witness's appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:** Third Circuit Model Instruction 3.04.

### Proposed Jury Instruction No. 23

### <u>Presumption of Innocence; Burden of Proof; Reasonable Doubt</u>

The defendant Joseph Sigelman pleaded not guilty to the offenses charged. Mr. Sigelman is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Mr. Sigelman unless and until the Government has presented evidence that overcomes that presumption by convincing you that Mr. Sigelman is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Mr. Sigelman not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Sigelman has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the Government to prove that Mr. Sigelman is guilty and this burden stays with the Government throughout the trial.

In order for you to find Mr. Sigelman guilty of the offenses charged, the Government must convince you that Mr. Sigelman is guilty beyond a reasonable doubt. That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of

45

the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack

of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

**Authority:** Third Circuit Model Instruction 3.06.

**Proposed Jury Instruction No. 24**

**<u>Nature of the Indictment</u>**

As you know, the defendant Joseph Sigelman is charged in the indictment with violating federal law, specifically with committing conspiracy, violating the Foreign Corrupt Practices Act, conspiracy to commit money laundering, and transacting in criminal proceeds. As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Sigelman has been indicted in making your decision in this case.

**Authority:** Third Circuit Model Instruction 3.07.

47

**Proposed Jury Instruction No. 25**

**<u>In or Around</u>**

You will note that the indictment charges that the offense was committed "in or around" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Authority:** Adapted from Third Circuit Model Instruction 3.08.

**Proposed Jury Instruction No. 26**

**<u>Elements of the Offenses Charged</u>**

Joseph Sigelman is charged in the indictment with committing the offenses of conspiracy, violating the Foreign Corrupt Practices Act, conspiracy to commit money laundering, and transacting in criminal proceeds.

The offense of conspiracy to commit an offense against the United States has four essential elements, which are:

First: That two or more persons agreed to commit wire fraud, honest-services fraud, or the Foreign Corrupt Practices Act as charged in the indictment. I will explain the elements of these offenses to you shortly.

Second: That the defendant was a party to or member of that agreement;

Third: That the defendant joined the agreement or conspiracy knowing of its objectives to commit wire fraud, honest-services fraud, or to violate the Foreign Corrupt Practices Act and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit offenses against the United States; and

Fourth: That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement. I will explain each of these elements to you in more detail shortly.

The offense of violating the Foreign Corrupt Practices Act has eight essential elements, which are:

First: The defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder thereof acting on behalf of such domestic concern, all concepts that I will define for you shortly;

Second: The defendant acted corruptly;

Third: The defendant acted willfully;

Fourth: The defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute;

Fifth: The defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value;

Sixth: That the payment or gift was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

Seventh: That the payment was for one of four purposes:

 i.  To influence any act or decision of the foreign official in his or her official capacity;

 ii.  To induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

 iii.  To induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or

 iv.  To secure any improper advantage; and

Eighth: That the payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

50

I will explain each of these elements to you in more detail shortly.

The offense of conspiracy to commit money laundering has three essential elements, which are:

First: That two or more persons agreed to commit money laundering, as charged in the indictment;

Second: The defendant was a party to or member of that agreement;

Third: The defendant deliberately joined the conspiracy knowing of its purpose or objective to commit money laundering and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit money laundering.

I will explain each of these elements to you in more detail shortly.

The offense of engaging in monetary transactions in property derived from specified unlawful activity has five essential elements, which are:

First: The defendant engaged or attempted to engage in a transaction;

Second: The transaction was a monetary transaction;

Third: The transaction involved criminally derived property of a value greater than $10,000;

Fourth: The defendant knew that the property (the money) was derived from unlawful activity;

Fifth: The property (the money) was, in fact, derived from specified unlawful activity.

I will explain each of these elements to you in more detail shortly.

The offense of aiding and abetting has two essential elements, which are:

51

First: A substantive crime has been committed;

Second: The defendant knew of the crime and attempted to facilitate it.

In order to find Mr. Sigelman guilty of these offenses, you must all find that the Government proved each of these elements beyond a reasonable doubt, as I will explain in more detail shortly.

**Authority:** Third Circuit Model Instruction 3.10; Final Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010 (S.D. Fla. 2011), ECF No. 520; *United States v. Navarro*, 145 F.3d 580 (3d Cir. 1998) (elements of conspiracy to commit money laundering, modified by *Whitefield v. United States*, 543 U.S. 209 (2005)); *United States v. Caruso*, 948 F. Supp. 382 (D.N.J. 1996) (elements of engaging in monetary transactions in property derived from specified unlawful activity); *United States v. Frorup*, 963 F.2d 41 (3d Cir. 1992) (elements of aiding and abetting).

**Proposed Jury Instruction No. 27**

**Separate Consideration – Single Defendant Charged with Multiple Offenses**

Joseph Sigelman is charged with more than one offense; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that Mr. Sigelman is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

**Authority:** Third Circuit Model Instruction 3.12.

**Proposed Jury Instruction No. 28**

**<u>Verdict Form</u>**

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room. When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me. If you decide that the Government has proved Mr. Sigelman guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved Mr. Sigelman guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

**Authority:** Third Circuit Model Instruction 3.17.

## Proposed Jury Instruction No. 29

### Audio/Video Recordings - Transcripts

You have heard audio-video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

**[If the Government and the defense each offer different transcripts, the Third Circuit Model Instructions recommend the following:**

You have been handed two separate transcripts. One contains the Government's interpretation of what appears on the tape recording; the other contains the defense's interpretation. Both of these versions of the transcript have been given to you as a guide to assist you in listening to the tapes. Neither transcript is evidence. Rather, it is the tape recording which is the evidence and the transcripts are only guides. Therefore, you must listen to the tapes themselves very carefully. You alone should make your own interpretation of what appears on the tapes from what you hear. You may use both the Government version and the defense version of the transcripts to assist you in this task. If you think you hear something differently than the Government or the defense has interpreted on their versions of the transcripts, then you are to follow your own interpretation. You may agree partially with each, and you may accept those portions you agree with and reject those portions you disagree with. You need not select

55

between the two versions, and you may come up with your own findings of what appears on the

tapes.]

**Authority:** Third Circuit Model Instruction 4.06.

**Proposed Jury Instruction No. 30**

**Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from *(state the names of the witnesses who offered an opinion)*. Because of their knowledge, skill, experience, training, or education in the field of *(state the witnesses' fields)*, these witnesses were permitted to offer opinions in their fields and the reasons for those opinions.

The opinions these witnesses stated should not receive extra weight because of their status as experts, but should simply receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witnesses' qualifications, the reasons for the witnesses' opinions, and the reliability of the information supporting the witnesses' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that the witnesses' opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

**Authority:** Third Circuit Model Instruction 4.08.

**Proposed Jury Instruction No. 31**

**<u>Opinion Evidence (Lay Witnesses) (F.R.E. 701)</u>**

Witnesses are not generally permitted to state their personal opinions about important questions in a trial. However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness's perception and is helpful to a clear understanding of the witness's testimony or to the determination of a fact in issue.

In this case, I permitted *(name)* to offer his opinion based on his perceptions. The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

**Authority:** Third Circuit Model Instruction 4.09.

**Proposed Jury Instruction No. 32**

**<u>Summaries – Underlying Evidence Admitted</u>**

The parties presented certain charts and summaries in order to help explain the facts disclosed by the *(describe the admitted evidence that provided the basis for the summaries; e.g., books, records, documents)* which were admitted as evidence in the case.  The charts and summaries are not themselves evidence or proof of any facts.  They are simply devices to help organize evidence and facts presented in the case.  If the charts and summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

**Authority:** Third Circuit Model Instruction 4.10.

**Proposed Jury Instruction No. 33**

**<u>Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)</u>**

Certain charts and summaries offered by the parties were admitted as evidence.  You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.

[**Optional language if accuracy or authenticity is at issue:** However, the *(accuracy)(authenticity)* of those charts and summaries has been challenged.  You must decide how much weight, if any, you will give to them.  In making that decision, you should consider the testimony you heard about the way in which the charts and summaries were prepared.]

**Authority:** Third Circuit Model Instruction 4.11 (bracketed language recommended by model instruction for use as needed).

**Proposed Jury Instruction No. 34**

**<u>Credibility of Witnesses - Law Enforcement Officer</u>**

You have heard the testimony of a law enforcement officer(s).  The fact that a witness is employed as a law enforcement officer does not mean that *(his)(her)* testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that *(his)(her)* testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

**Authority:** Third Circuit Model Instruction 4.18.

**Proposed Jury Instruction No. 35**

**Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related Offense,**

**Accomplices, Immunized Witnesses, Cooperating Witnesses**

You have heard evidence that Knut Hammarskjold and Gregory Weisman are alleged co-conspirators, that is, individuals who say they participated in the offenses charged. Both Mr. Hammarskjold and Mr. Weisman have entered plea agreements and cooperation agreements with the Government.

Their testimony was received in evidence and may be considered by you. The Government is permitted to present the testimony of someone who has reached a plea bargain with the Government in exchange for his testimony, but you should consider the testimony of these witnesses with great care and caution. In evaluating Mr. Hammarskjold and Mr. Weisman's testimony, you should consider this factor along with the others I have called to your attention. Whether or not their testimony may have been influenced by their plea agreement, cooperation agreements, or alleged involvement in the crimes charged is for you to determine. You may give their testimony such weight as you think it deserves.

You must not consider Mr. Hammarskjold and Mr. Weisman's plea agreements as any evidence of Joseph Sigelman's guilt. Their decision to enter plea agreements was a personal decision about their own guilt. Such evidence is offered only to allow you to assess the credibility of Mr. Hammarskjold and Mr. Weisman; to eliminate any concern that Mr. Sigelman has been singled out for prosecution; and to explain why the witnesses claim to possess first-hand knowledge of the events about which he testified. You may consider Mr. Hammarskjold and Mr. Weisman's plea agreements only for these purposes.

**Authority:** Adapted from Third Circuit Model Instruction 4.19.

**Proposed Jury Instruction No. 36**

**Credibility of Witnesses - Testimony of Informer**

You have heard evidence that Mr. Sigelman's former company, PetroTiger, Ltd., reached an arrangement with the Government under which it was not prosecuted in part because it provided information to the Government.  *(Name of witness)*'s testimony was received in evidence and may be considered by you.  The Government is permitted to present the testimony of someone who receives a benefit for providing information to the Government, but you should consider the testimony of this witness with great care and caution.  In evaluating *(name of witness)*'s testimony, you should consider this factor along with the others I have called to your attention.  You may give the testimony such weight as you think it deserves.  It is for you to determine whether or not *(name of witness)*'s information or testimony may have been influenced by PetroTiger's arrangement with the Government.

**Authority:** Third Circuit Model Instruction 4.20.

63

**Proposed Jury Instruction No. 37**

**<u>Impeachment of Witness - Prior Inconsistent Statement for Credibility Only</u>**

You have heard the testimony of certain witnesses. You have also heard that before this trial they made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statements. You can only use it as one way of evaluating the witnesses' testimony in this trial.

**Authority:** Third Circuit Model Instruction 4.22.

**Proposed Jury Instruction No. 38**

**Impeachment of Witness - Bad Character for Truthfulness (F.R.E. 608(a))**

**Reputation evidence:** You heard evidence concerning the reputation for truthfulness or untruthfulness of *(name of witness being impeached)*.  You may consider this evidence in deciding whether or not to believe *(name of witness being impeached)*.  You should give this evidence whatever weight you decide is appropriate.

**Opinion evidence:** You heard opinion evidence concerning whether *(name of witness being impeached)* is a truthful or an untruthful person.  You may consider this evidence in deciding whether or not to believe *(name of witness being impeached)*.  You should give this evidence whatever weight you decide is appropriate.

**Authority:** Third Circuit Model Instruction 4.23.

**Proposed Jury Instruction No. 39**

**<u>Impeachment of Witness - Prior Bad Acts (F.R.E. 608(b))</u>**

You heard evidence that *(name)*, a witness, committed *(describe bad act inquired about during cross-examination)*.  You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe *(name)* and how much weight to give *(his)(her)* testimony.

**Authority:** Third Circuit Model Instruction 4.24.

**Proposed Jury Instruction No. 40**

**<u>Impeachment of Witness - Prior Conviction (F.R.E. 609)</u>**

You heard evidence that *(name)*, a witness, was previously convicted of a crime *(punishable by more than one year in jail) (involving dishonesty or false statement)*. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe *(name)* and how much weight to give to *(name)*'s testimony.

**Authority:** Third Circuit Model Instruction 4.25.

**Proposed Jury Instruction No. 41**

**<u>Defendant's Choice not to Testify or Present Evidence</u>**

Joseph Sigelman did not testify in this case.  Mr. Sigelman has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that Mr. Sigelman did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that Mr. Sigelman did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

**Authority:** Third Circuit Model Instruction 4.27.

**Proposed Jury Instruction No. 42**

**<u>Defendant's Testimony</u>**

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Joseph Sigelman testified.  You should examine and evaluate his testimony just as you would the testimony of any witness.

**Authority:** Third Circuit Model Instruction 4.28.

**Proposed Jury Instruction No. 43**

**Defendant's Character Evidence**

Mr. Sigelman has offered evidence of his good character for various traits.  You should consider this evidence along with all the other evidence in the case in deciding whether the Government has proved the charges beyond a reasonable doubt.

Evidence of a defendant's character that is inconsistent with those traits of character ordinarily involved in the commission of the crimes charged may give rise to a reasonable doubt since you may think it improbable or unlikely that a person with the defendant's character would commit such crimes.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. Sigelman is guilty of the crimes charged, you should find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to Mr. Sigelman's guilt, although without it the other evidence would be convincing.

**Authority:** Adapted from Third Circuit Model Instruction 4.39; O'Malley et al., Federal Jury Practice and Instructions § 15.01; *see also Michelson v. United States*, 335 U.S. 469 (1948); *Edgington v. United States*, 164 U.S. 361 (1896).

**Proposed Jury Instruction No. 44**

**Impeachment of Defendant's Character Witness**

**If character witness testified to reputation:**  You heard *(name of witness)* testify about Mr. Sigelman's reputation for *(insert character trait covered by testimony)*.   On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* had heard that *(briefly describe the subject of the cross-examination on the character trait)*.  The prosecutor was allowed to ask these questions only to test whether *(name of witness)* was familiar with the reputation of Mr. Sigelman in the community.  This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose.  Specifically, you may not use this information to conclude that Mr. Sigelman committed the acts charged in the indictment or as proof that Mr. Sigelman has a bad character or any propensity to commit crimes.

**If character witness testified to opinion:**  You heard *(name of witness)* testify about Mr. Sigelman's character for *(insert character trait covered by testimony)*.  On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* knew that *(briefly describe the subject of the cross-examination on the character trait)*.  The prosecutor was allowed to ask these questions only to test whether *(name of witness)* had a good basis for *(his)(her)* opinion of the defendant's character.  This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose.  Specifically, you may not use this information to conclude that Mr. Sigelman

71

committed the acts charged in the indictment or as proof that Mr. Sigelman has a bad character or any propensity to commit crimes.

**Authority:** Third Circuit Model Instruction 4.40.

**Proposed Jury Instruction No. 45**

**Proof Of Required State of Mind**

Often a person's state of mind (whether someone acts intentionally, knowingly, willfully, or corruptly) at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, Mr. Sigelman's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine Mr. Sigelman's state of mind (what Mr. Sigelman intended or knew) at a particular time, you may consider evidence about what Mr. Sigelman said, what Mr. Sigelman did and failed to do, how Mr. Sigelman acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Sigelman's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Mr. Sigelman's state of mind.

You may also consider the natural and probable results or consequences of any acts Mr. Sigelman knowingly did, and whether it is reasonable to conclude that Mr. Sigelman intended those results or consequences. You may find, but you are not required to find, that Mr. Sigelman knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in Mr. Sigelman's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Mr. Sigelman did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

**Authority:** Adapted from Third Circuit Model Instruction 5.01.

## Proposed Jury Instruction No. 46

### <u>Knowingly</u>

As I will explain in greater detail shortly, certain offenses charged in the indictment require that the Government prove Mr. Sigelman acted "knowingly" with respect to certain elements of the offenses. This means that the Government must prove beyond a reasonable doubt that Mr. Sigelman was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.

In deciding whether Mr. Sigelman acted "knowingly", you may consider evidence about what Mr. Sigelman said, what  Mr. Sigelman did and failed to do, how Mr. Sigelman acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Sigelman's mind at that time.

**Authority:** Adapted from Third Circuit Model Instruction 5.02.

**Proposed Jury Instruction No. 47**

**<u>Intentionally</u>**

As I will explain in greater detail shortly, certain offenses charged in the indictment require that the Government prove Mr. Sigelman acted "intentionally" with respect to certain elements of the offenses.  This means that the Government must prove beyond a reasonable doubt either that (1) it was Mr. Sigelman's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Mr. Sigelman knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether Mr. Sigelman acted "intentionally", you may consider evidence about what Mr. Sigelman said, what Mr. Sigelman did and failed to do, how Mr. Sigelman acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Sigelman's mind at that time.

**Authority:** Third Circuit Model Instruction 5.03.

**Proposed Jury Instruction No. 48**

**<u>Willfully</u>**

As I will explain in greater detail shortly, an offense charged in the indictment, violating the Foreign Corrupt Practices Act, requires the Government to prove Mr. Sigelman acted "willfully" with respect certain elements of the offense. This means the Government must prove beyond a reasonable doubt that Mr. Sigelman knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that Mr. Sigelman acted "willfully," you must find that the evidence proved beyond a reasonable doubt that Mr. Sigelman acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that Mr. Sigelman had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

**Authority:** Third Circuit Model Instruction 5.05.

**Proposed Jury Instruction No. 49**

**<u>Motive Explained</u>**

Motive is not an element of the offenses with which Mr. Sigelman is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that Mr. Sigelman is guilty and proof of good motive alone does not establish that Mr. Sigelman is not guilty.  Evidence of Mr. Sigelman's motive may, however, help you find Mr. Sigelman's intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

**Authority:** Third Circuit Model Instruction 5.04.

**Proposed Jury Instruction No. 50**

**<u>Good Faith Defense</u>**

As I have just explained, certain offenses charged in the indictment require proof that Mr. Sigelman acted knowingly, intentionally, willfully, or corruptly.  If you find that Mr. Sigelman acted in "good faith," that would be a complete defense to these charges, because good faith on the part of Mr. Sigelman would be inconsistent with his acting knowingly, intentionally, willfully, or corruptly.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that about the existence of a fact or circumstance, the truth of statements, or the belief that acts were not unlawful, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect.  For example, if Mr. Sigelman made an honest mistake or had an honest misunderstanding that David Duran was not employed by Ecopetrol at the time PetroTiger paid Mr. Duran, then Mr. Sigelman did not act knowingly, intentionally, willfully, or corruptly.

Mr. Sigelman does not have the burden of proving "good faith."  Good faith is a defense because it is inconsistent with the requirement of the offenses charged, that Mr. Sigelman acted knowingly, intentionally, willfully, or corruptly.  As I have told you, it is the Government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element.  In deciding whether the Government proved that Mr. Sigelman acted knowingly, intentionally, or willfully, or, instead, whether Mr. Sigelman acted in good faith, you should consider all of the evidence presented in the case that may bear on Mr. Sigelman's state of mind. If you find from the evidence that Mr. Sigelman acted in good faith, as I have defined it, or if you find for any other reason that the Government has not proved beyond a reasonable doubt that

Mr. Sigelman acted with the mental state that is an essential element of a charged offense, you must find Mr. Sigelman not guilty of that offense. I will explain the mental state the Government must prove for each offense charged in the indictment shortly.

**Authority:** Adapted from Third Circuit Model Instruction 5.07.

# **<u>COUNT ONE</u>**

**Proposed Jury Instruction No. 51**

**Conspiracy To Commit An Offense Against The United States -**

**Basic Elements (18 U.S.C. § 371)**

Count One of the indictment charges that from in or around June 2009 through in or around December 2010, in the District of New Jersey and elsewhere, Mr. Sigelman agreed or conspired with one or more other persons to commit offenses against the United States, namely wire fraud, honest-services fraud, and violating the Foreign Corrupt Practices Act, and that to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act as alleged in the indictment.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

Mr. Sigelman has entered a plea of not guilty to the offenses charged in Count One. In order for you to find Mr. Sigelman guilty of conspiracy to commit an offense against the United States, you must find that the Government proved beyond a reasonable doubt each of the following four (4) essential elements:

First: That two or more persons agreed to commit an offense against the United States, as charged in the indictment. I will explain the elements of the offenses charged in the indictment to you shortly;

Second: That Mr. Sigelman was a party to or member of that agreement;

Third: That Mr. Sigelman joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that Mr. Sigelman and at least one

other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

Fourth:  That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.

**Authority:** Third Circuit Model Instruction 6.18.371A.

**Proposed Jury Instruction No. 52**

**Conspiracy – Existence of an Agreement**

The first element of the crime of conspiracy is the existence of an agreement.  The Government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit wire fraud, honest-services fraud, or to violate the Foreign Corrupt Practices Act.

The Government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The Government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished.  The Government is not required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the Government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances

which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The indictment charges a conspiracy to commit multiple federal crimes.    The Government does not have to prove that the alleged conspirators agreed to commit all of these crimes.  The Government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime.  You cannot find Mr. Sigelman guilty of conspiracy unless you unanimously agree that the same federal crime was the objective of the conspiracy.  It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

**Authority:** Third Circuit Model Instruction 6.18.371C.

**Proposed Jury Instruction No. 53**

**Conspiracy – Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find Mr. Sigelman guilty of conspiracy you must also find that the Government proved beyond a reasonable doubt that Mr. Sigelman knowingly and intentionally joined that agreement or conspiracy during its existence. The Government must prove that Mr. Sigelman knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The Government need not prove that Mr. Sigelman knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The Government also does not have to prove that Mr. Sigelman played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether Mr. Sigelman joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that Mr. Sigelman only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that Mr. Sigelman was a member of the conspiracy even if Mr. Sigelman approved of what was happening or did not object to it. Likewise, evidence showing that Mr. Sigelman may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that Mr. Sigelman joined the conspiracy.

**Authority:** Third Circuit Model Instruction 6.18.371D.

**Proposed Jury Instruction No. 54**

**<u>Conspiracy – Mental States</u>**

In order to find Mr. Sigelman guilty of conspiracy you must find that the Government proved beyond a reasonable doubt that Mr. Sigelman joined the conspiracy knowing of its objective and intending to help further or achieve that objective.  That is, the Government must prove: (1) that Mr. Sigelman knew of the objective or goal of the conspiracy, (2) that Mr. Sigelman joined the conspiracy intending to help further or achieve that goal or objective, and (3) that Mr. Sigelman and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including Mr. Sigelman's words or conduct and other facts and circumstances, in deciding whether Mr. Sigelman had the required knowledge and intent.

**Authority:** Third Circuit Model Instruction 6.18.371E.

**Proposed Jury Instruction No. 55**

**<u>Conspiracy – Overt Acts</u>**

With regard to the fourth element of conspiracy—overt acts—the Government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges certain overt acts. The Government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the Government does not have to prove that Mr. Sigelman personally committed any of the overt acts. The Government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objective of the conspiracy. You must unanimously agree on the overt act that was committed.

**Authority:** Third Circuit Model Instruction 6.18.371F.

**Proposed Jury Instruction No. 56**

**Conspiracy – Acts and Statements Of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of Mr. Sigelman, did or said certain things. The acts or statements of a member of a conspiracy may only be treated as the acts or statements of all the members of the conspiracy if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may only consider as evidence against Mr. Sigelman any acts done or statements made by any members of the conspiracy if you find that those acts or statements were made both during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in Mr. Sigelman's absence and without his knowledge. Since these acts may have been performed and these statements may have been made outside the presence of Mr. Sigelman and even done or said without Mr. Sigelman's knowledge, you should examine these acts or statements with particular care before considering them against him. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

**Authority:** Adapted from Third Circuit Model Instruction 6.18.371K; O'Malley et al., Federal Jury Practice and Instructions § 31.06.

**Proposed Jury Instruction No. 57**

**<u>Conspiracy—Substantive offenses implicated in Count One</u>**

To prove that Joseph Sigelman conspired to commit a federal offense, the Government must prove that Mr. Sigelman acted with the same intent required to be proven for the commission of that federal offense. Therefore, I will explain to you the offenses of wire fraud, honest-services fraud, and violating the Foreign Corrupt Practices Act.

**Authority:** *United States v. Feola*, 420 U.S. 671, 686 (1975).

**Proposed Jury Instruction No. 58**

**Elements of Wire Fraud and Honest-Services Fraud – 18 U.S.C. § 1343, 1346**

Count One of the indictment charges Mr. Sigelman with conspiring to commit wire fraud and honest services fraud. You may only find that Mr. Sigelman committed this offense if you conclude he entered an agreement with at least one other person to commit wire fraud or honest-services fraud and acted with the level of intent necessary to commit those offenses.  I will therefore explain to you the elements of the offense of wire fraud and honest-services fraud:

First: That the defendant knowingly devised a scheme to defraud or to obtain money, property, or the intangible right of honest services by materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second: That the defendant acted with the intent to defraud; and

Third: That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

**Authority:** Third Circuit Model Instruction 6.18.371A (agreement required); *United States v. Feola*, 420 U.S. 671, 686 (1975) (conspiracy requires same intent as substantive statute); elements adapted from Third Circuit Model Instruction 6.18.1343.

## Proposed Jury Instruction No. 59

### "Intent to Defraud" Defined

You may only find that Mr. Sigelman committed conspiracy to commit wire fraud or honest services fraud if you find Mr. Sigelman acted with an intent to defraud. To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether Mr. Sigelman acted with an intent to defraud, you may consider, among other things, whether Mr. Sigelman acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

**Authority:** *United States v. Feola*, 420 U.S. 671, 686 (1975) (conspiracy requires same intent as substantive statute); Third Circuit Model Instruction 6.18.1341-4 (defining "intent to defraud").

**Proposed Jury Instruction No. 60**

**Elements of the Foreign Corrupt Practices Act – 15 U.S.C. § 78dd-2**

Count One of the indictment also charges Mr. Sigelman with conspiring to violate the Foreign Corrupt Practices Act. The Foreign Corrupt Practices Act makes it a federal offense to offer, pay, promise to pay, or authorize the payment of money or anything of value to a foreign official for the purpose of influencing any act or decision of such foreign official in his or her official capacity or securing any improper advantage in order to obtain or retain business. You may only find that Mr. Sigelman committed this offense if you conclude he entered an agreement with at least one other person to commit a violation of the Foreign Corrupt Practices Act with the level of intent necessary to commit that offense.

Because Counts Two, Three, and Four of the indictment charge substantive violations of the Foreign Corrupt Practices Act, I will explain to you the elements of the offense of violating the Act when I explain those counts to you.

# **COUNTS TWO, THREE, AND FOUR**

**Proposed Jury Instruction No. 61**

**Elements of the Foreign Corrupt Practices Act – 15 U.S.C. § 78dd-2**

Counts Two, Three, and Four of the indictment charge Joseph Sigelman with substantive violations of the Foreign Corrupt Practices Act.  You may only find Mr. Sigelman guilty of this offense if the Government proves the following eight essential elements beyond a reasonable doubt:

First: That the defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder of a domestic concern acting on the domestic concern's behalf.  I will define these concepts for you shortly.

Second: That the defendant acted corruptly;

Third: That the defendant acted willfully;

Fourth: That the defendant made use of the mails or a means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute;

Fifth: That the defendant offered, paid, promised to pay, or authorized the payment of money or anything of value;

Sixth: That the payment or gift was to a foreign official or to another person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official.  Belief that an individual was a foreign official does not satisfy this element if the individual was not in fact a foreign official;

Seventh: That the payment was for one of four purposes:

        I.      To influence any act or decision of the foreign official in his or her official capacity;

II.      To induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

III.     To induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or

IV.     To secure any improper advantage; and

Eighth: That the payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

**Authority:** Adapted from 15 U.S.C. § 78dd-2; Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520; Jury Instructions, *United States v. Carson*, No. 8:09-cr-00077-JVS (C.D. Cal. Feb. 16, 2012), ECF No. 549.

96

**Proposed Jury Instruction No. 62**

**"Domestic Concern" Defined**

A "domestic concern" is any individual who is a citizen, national, or resident of the United States, or any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

**Authority:** 15 U.S.C. § 78dd-2(h)(1); Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520.

**Proposed Jury Instruction No. 63**

**"Corruptly" Defined**

An act is done "corruptly" if it is done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means. The term "corruptly" in the Foreign Corrupt Practices Act is intended to mean that the offer, payment, or promise was intended to induce the foreign official to misuse an official position.  If you find that Mr. Sigelman did not know that the individual to whom the offer, payment, or promise was made was a foreign official, then Mr. Sigelman did not act corruptly.

**Authority:** Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520.

**Proposed Jury Instruction No. 64**

**"Willfully" Defined**

As I have previously explained, the Foreign Corrupt Practices Act requires the Government to prove Mr. Sigelman acted "willfully." This means the Government must prove beyond a reasonable doubt that Mr. Sigelman knew his conduct was unlawful and intended to do something that the law forbids. That is, to find that Mr. Sigelman acted "willfully," you must find that the evidence proved beyond a reasonable doubt that Mr. Sigelman acted with a purpose to disobey or disregard the law. "Willfully" does not, however, require proof that Mr. Sigelman had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

**Authority:** Third Circuit Model Instruction 5.05.

**Proposed Jury Instruction No. 65**

**"Interstate Commerce" Defined**

The term "interstate commerce" means trade, commerce, transportation or communication among the several States, or between any foreign country and any State or between any State and any place outside thereof, and such term includes the intrastate use of a telephone or other interstate means of communication, or any other interstate instrumentality.

**Authority:** Adapted from 15 U.S.C. § 78dd-2(h)(5); Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520.

**Proposed Jury Instruction No. 66**

**"Foreign Official" Defined**

The term "foreign official" means any officer, employee, or person acting in an official capacity on behalf of a foreign government or any department, agency, or instrumentality thereof, and performing a government function for that department, agency, or instrumentality.

An employee does not perform a government function when his employer operates on a normal commercial basis in its market, *i.e.*, on a basis substantially equivalent to that of its private enterprise competitors, without preferential subsidies or other privileges. Even if some parts of a company and some employees perform government functions, others may not. An employee who does not perform government functions does not meet the definition of "foreign official."

**Authority:** Adapted from 15 U.S.C. § 78dd-2(h)(2); Organization for Economic Cooperation and Development's Convention on Combating Bribery of Foreign Public Officials in International Business Transactions, Dec. 17, 1997, S. Treaty Doc. No. 105-43, 37 I.L.M. 1 (ratified Dec. 8, 1998, entered into force Feb. 15, 1999); Jury Instructions, *United States v. O'Shea*, No. 4:09-cr-00629 (S.D. Tex. Jan. 11, 2012) (*see* Exhibit A at pp. 51–52); Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520; Jury Instructions, *United States v. Carson*, No. 8:09-cr-00077-JVS (C.D. Cal. Feb. 16, 2012), ECF No. 549.

**Proposed Jury Instruction No. 67**

**"Instrumentality" Defined**

An "instrumentality" of a foreign government is a means or agency through which a function of a foreign government is accomplished.  A state-owned enterprise may be considered an "instrumentality" of a foreign government, but only when it carries out a government function. Companies that operate on a normal commercial basis in their market, *i.e.*, on a basis substantially equivalent to that of their private enterprise competitors, without preferential subsidies or other privileges, do not meet the definition of "instrumentality of a foreign government."  You should find that Ecopetrol is an "instrumentality" under the Foreign Corrupt Practices Act only if you find that between 2009 and 2010 Ecopetrol both (1) performed a government function for the Republic of Colombia and (2) was controlled by the Republic of Colombia.

To determine whether Ecopetrol carried out a government function in 2009–2010, you should consider Ecopetrol's legal rights and obligations.  If you find that the Republic of Colombia did not assign to Ecopetrol government functions you should find that Ecopetrol does not meet the definition of "instrumentality."  If you are uncertain as to the functions Ecopetrol performs, you may consider whether Ecopetrol operates on a normal commercial basis on equal footing with its competitors.  In this assessment, you may consider any of the following factors:

I.       Whether Ecopetrol had a monopoly over the activities it carried out;

II.       Whether the Republic of Colombia subsidized the costs associated with Ecopetrol's services;

III.       Whether Ecopetrol provided services to the public at large in Colombia; and/or

IV.     Whether the Colombian public and Colombian government generally perceive Ecopetrol to be performing a government function.

You must also determine whether between 2009–2010 Ecopetrol was controlled by the Republic of Colombia.  To make this determination you may consider the following factors:

I.     The Republic of Colombia's formal designation of Ecopetrol;

II.     The extent of the Republic of Colombia's interest in Ecopetrol;

III.     Whether the Republic of Colombia may hire and fire Ecopetrol's principals;

IV.     Whether Ecopetrol's profits, if any, go directly into the Republic of Colombia's accounts;

V.     Whether the Republic of Colombia is obligated to provide funds to Ecopetrol if it is not profitable; and/or

VI.     The length of time these factors have existed.

**Authority:** Organization for Economic Cooperation and Development's Convention on Combating Bribery of Foreign Public Officials in International Business Transactions, Dec. 17, 1997, S. Treaty Doc. No. 105-43, 37 I.L.M. 1 (ratified Dec. 8, 1998, entered into force Feb. 15, 1999); *United States v. Esquenazi*, 752 F.3d 912, 925 ("An 'instrumentality' . . . is an entity controlled by the government of a foreign country that performs a function the controlling government treats as its own."); Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520; Brief for the United States, *United States v. Esquenazi*, No. 11-15331-C, at 19 (11th Cir. Aug. 21, 2012) (arguing that the district court was "correct" in instructing the jury that "an instrumentality must perform a governmental function"), *available at* http://www.scribd.com/doc/103498319/U-S-v-Esquenazi-11th-Cir-Appeal-DOJ-Brief.

**Proposed Jury Instruction No. 68**

**Promise or Authorization to Pay**

As I previously instructed you, one of the elements that the Government must prove under the Foreign Corrupt Practices Act is an actual payment, offer or promise to pay, or authorization to pay something of value to a foreign official for a prohibited purpose.  While it is not necessary that a payment actually be completed, you must only find that the Government has proved this element if you find Mr. Sigelman at least offered, promised, or authorized such a payment for a prohibited purpose.

**Authority:** Adapted from Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520.

## Proposed Jury Instruction No. 69

### <u>"Knowingly" Defined</u>

As I have previously instructed you, you may not find Mr. Sigelman guilty of violating the Foreign Corrupt Practices Act unless, in addition to the other elements I have explained, the Government also proves that Mr. Sigelman acted while "knowing" that that something of value would be offered, given, or promised to a foreign official.

Under the Foreign Corrupt Practices Act, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result only if (1) the person is aware that he or she is engaging in such conduct, that such a circumstance exists, or that such a result is substantially certain to occur; or (2) the person has a firm belief that such a circumstance exists or that such a result is substantially certain to occur.

While a person may be deemed to act "knowingly" if the evidence shows that he or she was aware of a high probability that a circumstance existed, you must find that Mr. Sigelman did not act "knowingly" if you conclude Mr. Sigelman actually, subjectively believed that a circumstance did not exist.

**Authority:** 15 U.S.C. § 78dd-2(h)(3); Adapted from Jury Instructions, *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520.

**Proposed Jury Instruction No. 70**

**"Obtaining or Retaining Business"**

The Foreign Corrupt Practices Act prohibits offers, payments, promises to pay, or authorization of payments made by a domestic concern "in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person or company." Proof that the Mr. Sigelman actually obtained, retained, or directed any business as a result of an illegal payment, or of the offer, promise, or authorization of payment is not necessary.

**Authority:** Adapted from Jury Instructions, *United States v. Aguilar*, No. 2:10-cr-01031-AHM (C.D. Cal. May 16, 2011), ECF. 511; *United States v. Esquenazi*, No. 1:09-cr-21010-JEM (S.D. Fla. Aug. 5, 2011), ECF No. 520.

# COUNT FIVE

**Proposed Jury Instruction No. 71**

**Conspiracy to Commit Money Laundering**

Count Five of the indictment charges that Joseph Sigelman conspired with others to commit money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957.

In relevant part, Title 18, United States Code, Section 1956(h) provides, "Any person who conspires to commit any offense defined in [Section 1956] or [S]ection 1957 shall be subject to" criminal penalties.

The indictment alleges two objectives of the conspiracy charged in Count Five, and I will explain their elements next. You may not find Mr. Sigelman guilty of conspiracy to commit money laundering unless the jury unanimously agrees the Government has proved one of the objectives beyond a reasonable doubt. Because the indictment alleges multiple objectives, I remind you that you may not find Mr. Sigelman guilty of the charges in Count Five unless the jury unanimously agrees as to which, if any, alleged objective the Government has proved.

**Authority:** 18 U.S.C. § 1956(h).

**Proposed Jury Instruction No. 72**

**Conspiracy to Commit Money Laundering – First Alleged Objective**

The first alleged objective of the conspiracy charged in Count Five is defined by Title 18, United States Code, Section 1956(a)(2)(A).  This statute provides in relevant part that an offense is committed if a person "transports, transmits, or transfers," or attempts to do so, "a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States" if that person acts "with the intent to promote the carrying on of specified unlawful activity."

I will explain these elements in further detail shortly.

**Authority:** 18 U.S.C. § 1956(a)(2)(A).

**Proposed Jury Instruction No. 73**

**<u>Conspiracy to Commit Money Laundering – Second Alleged Objective</u>**

The second alleged objective of the conspiracy charged in Count Five is defined by Title 18, United States Code, Section 1957.  This statute provides that an offense is committed if a person "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and [that] is derived from specified unlawful activity."

**Authority:** 18 U.S.C. § 1957.

## Proposed Jury Instruction No. 74

### Conspiracy to Commit Money Laundering – Essential Elements

You must not find Mr. Sigelman guilty of conspiracy to commit money laundering unless you find the Government proved beyond a reasonable doubt that:

(1)    Two or more people agreed to participate in a common and unlawful plan to violate the statutes I have just described to you, that is, 18 U.S.C. Section 1956(a)(2)(A) and Section 1957.

(2)    Mr. Sigelman knew about the plan's unlawful purpose and willfully joined in it.

Unlike the conspiracy charged in Count One of the indictment, the conspiracy to commit money laundering charged in Count Five does not require proof of an overt act.

I have already instructed you regarding what an illegal agreement is and how you should determine whether an agreement existed.  I have also previously instructed you regarding how to analyze whether the defendant possessed the requisite knowledge and willfulness, which are essential elements of the charged offense.

Now that I have instructed you on the general standard for determining whether a conspiracy to commit money laundering existed under 18 U.S.C. 1956(h), I will next break down the alleged objectives into their constituent elements.

**Authority:** Adapted from Jury Instructions, *United States v. Del Toro*, No. 1:09-cr-00508 (D.N.J. Feb. 28, 2011).

**Proposed Jury Instruction No. 75**

**Elements of First Alleged Objective – Section 1956(a)(2)(A)**

To prove the first alleged objective, the Government must prove beyond a reasonable doubt three essential elements under Section 1956(a)(2)(A):

First: That a member of the charged conspiracy transported, transmitted, transferred (or attempted to do so) a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States;

Second: That such person intended to promote the carrying on of a specified unlawful activity.  I have previously explained to you the standard by which you must determine whether a person acted "intentionally," and I will explain the term "specified unlawful activity" shortly;

Third: That such person acted knowing that the monetary instrument or funds represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer was designed in whole or in part for one of the following purposes:

(1)    To conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

(2)    To avoid a transaction reporting requirement under State or Federal law.

The term "specified unlawful activity" includes wire fraud, honest services fraud, and violations of the Foreign Corrupt Practices Act.  I have already explained the elements of these offenses to you.

**Authority:** 18 U.S.C. § 1956(a)(2), (c)(7).

112

**Proposed Jury Instruction No. 76**

**Elements of Second Alleged Objective – Section 1957**

To prove the second alleged objective, the Government must prove beyond a reasonable doubt five essential elements under Section 1957:

First: That a member of the charged conspiracy knowingly engaged or attempted to engage in a monetary transaction in or affecting interstate commerce;

Second: That the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

Third: The property had a value of more than $10,000;

Fourth: The property did in fact constitute proceeds from specified unlawful activity; and

Fifth: That the monetary transaction took place within the United States or involved a "United States person."

Next I will give you more detailed instructions on some of these terms.

**Authority:** *United States v. Sokolow*, 91 F.3d 396, 407–09 (3d Cir. 1996) (elements of Section 1957 offense); adapted from Jury Instructions, *United States v. Del Toro*, No. 1:09-cr-00508 (D.N.J. Feb. 28, 2011).

**Proposed Jury Instruction No. 77**

**18 U.S.C. § 1957 – First Element**

The first element of the alleged Section 1957 objective that the Government must prove beyond a reasonable doubt is that Mr. Sigelman, or a co-conspirator, engaged or attempted to engage in the monetary transactions in or affecting interstate commerce charged in the indictment.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means any bank insured by the Federal Deposit Insurance Corporation or organized under the laws of a foreign country.

"Interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States or a foreign country.

**Authority:** 18 U.S.C. §§ 1956–1957; *United States v. Sokolow*, 91 F.3d 396, 407–09 (3d Cir. 1996) (elements of Section 1957 offense); adapted from Jury Instructions, *United States v. Del Toro*, No. 1:09-cr-00508 (D.N.J. Feb. 28, 2011).

114

**Proposed Jury Instruction No. 78**

**18 U.S.C. § 1957 – Second Element**

The second element of the alleged Section 1957 objective that the Government must prove beyond a reasonable doubt is that the property involved in the financial transaction was criminally derived.

To satisfy this element, the Government must prove that Mr. Sigelman knew the property involved in the transaction constituted, or was derived from, proceeds obtained from some form of unlawful activity that is a criminal offense.  While the Government is not required to prove that Mr. Sigelman knew specifically what the unlawful activity was, the Government must prove Mr. Sigelman knew some unlawful activity produced the property involved in the transaction.

**Authority:** *United States v. Sokolow*, 91 F.3d 396, 407–09 (3d Cir. 1996) (elements of Section 1957 offense); adapted from Jury Instructions, *United States v. Del Toro*, No. 1:09-cr-00508 (D.N.J. Feb. 28, 2011).

**Proposed Jury Instruction No. 79**

**<u>18 U.S.C. § 1957 – Third Element</u>**

The third element of the alleged Section 1957 objective that the Government must prove beyond a reasonable doubt is that the criminally derived property, if any, exceeded $10,000 in value.

**Authority:** *United States v. Sokolow*, 91 F.3d 396, 407–09 (3d Cir. 1996) (elements of Section 1957 offense); adapted from Jury Instructions, *United States v. Del Toro*, No. 1:09-cr-00508 (D.N.J. Feb. 28, 2011).

## Proposed Jury Instruction No. 80

### 18 U.S.C. § 1957 – Fourth Element

The fourth element of the alleged Section 1957 objective that the Government must prove beyond a reasonable doubt is that the monetary transaction involved the proceeds of a specified unlawful activity.

The term "specified unlawful activity" includes wire fraud, honest services fraud, and violations of the Foreign Corrupt Practices Act. I have already explained the elements of these offenses to you.

The term "proceeds of a specified unlawful activity" means any property, or any interest in property, that someone acquires from a specified unlawful activity. While the Government is not required to trace the proceeds to a particular offense on a particular date, the Government must prove that the proceeds were acquired from a specified unlawful activity.

The Government is not required to prove that all of the funds involved in the charged transactions were the proceeds of a specified unlawful activity. The Government must prove that at least part of the funds involved in a transaction represents proceeds of a specified unlawful activity.

A financial transaction involves the proceeds of a specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the proceeds of specified unlawful activity, and all of which are part of a single plan or arrangement.

**Authority:** *United States v. Sokolow*, 91 F.3d 396, 407–09 (3d Cir. 1996) (elements of Section 1957 offense); adapted from Jury Instructions, *United States v. Del Toro*, No. 1:09-cr-00508 (D.N.J. Feb. 28, 2011).

**Proposed Jury Instruction No. 81**

**18 U.S.C. § 1957 – Fifth Element**

The fifth element of the alleged Section 1957 objective that the Government must prove beyond a reasonable doubt is that the transaction took place in the United States or involved a "United States person."

The term "United States person" means any person within the United States; a national of the United States; an alien lawfully admitted for permanent residence in the United States; businesses composed principally of nationals or permanent resident aliens of the United States; or corporations organized under the laws of the United States, any State, the District of Colombia, any territory or possession of the United States, or a foreign subsidiary of any such corporation.

**Authority:** 18 U.S.C. §§ 1957, 3077; *United States v. Sokolow*, 91 F.3d 396, 407–09 (3d Cir. 1996) (elements of Section 1957 offense); adapted from Jury Instructions, *United States v. Del Toro*, No. 1:09-cr-00508 (D.N.J. Feb. 28, 2011).

# <u>COUNT SIX</u>

**Proposed Jury Instruction No. 82**

**18 U.S.C. § 1957 and 18 U.S.C. § 2 – Elements**

Count Six of the indictment charges Joseph Sigelman with transacting in criminal proceeds in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2.  I have previously explained to you the elements of 18 U.S.C. § 1957.

You should not find Mr. Sigelman guilty of aiding and abetting unless you find the Government proved two essential elements:

First: That the substantive offense charged was committed (in this case, a violation of 18 U.S.C. § 1957); and

Second: That Mr. Sigelman knew of the substantive offense charged and attempted to facilitate it.  For this element, the Government must prove at least some affirmative participation by Mr. Sigelman which encouraged the principal offender to commit the offense.

**Authority:** *United States v. Frorup*, 963 F.2d 41, 43 (elements of the offense of aiding and abetting).

120

Respectfully submitted,

_____
Patrick J. Egan, Esquire
Matthew S. Olesh, Esquire
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2825
Fax: (215) 299-2150
pegan@foxrothschild.com

/s/ William Burck
_____
William Burck, Esquire
Juan P. Morillo, Esquire
Benjamin A. O'Neil, Esquire
M. Veronica Yepez, Esquire
Jonathan Cooper, Esquire
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
777 6th Street NW
11th Floor
Washington, D.C. 20001-3706
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com

*Counsel for Defendant Joseph Sigelman*

Dated: May 4, 2015

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.                                                    Case No. 14-00263-1 (JEI)

JOSEPH SIGELMAN                                       Hon. Joseph E. Irenas, U.S.D.J.

### CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2015, the foregoing Defendant's Proposed Jury Instructions were filed electronically with the Case Management/Electronic Case Filing System ("CM/ECF") for the Federal Judiciary. Notice of this filing will be sent to all parties by operation of the Notice of Electronic Filing system, and the parties to this action may access this filing through CM/ECF.

_____
Patrick J. Egan, Esquire