# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 14-263 (JEI) |
| v. | : | |
| JOSEPH SIGELMAN | : | Hon. Joseph E. Irenas |

---

## UNITED STATES' PROPOSED FINAL JURY INSTRUCTIONS

---

Andrew Weissmann
Chief
United States Department of Justice
Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
(202) 514-2000

Patrick F. Stokes
Deputy Chief, Fraud Section
Tarek Helou
Assistant Chief, Fraud Section

Paul J. Fishman
United States Attorney
District of New Jersey
970 Broad Street
Suite 700
Newark, New Jersey 07102
(973) 645-2700

Glenn Moramarco
Zach Intrater
Assistant U.S. Attorneys

# Table of Contents

INTRODUCTION .................................................................................................... 7

INSTRUCTION NO. 1:  Role of Jury ...................................................................... 8

INSTRUCTION NO. 2:  Evidence............................................................................ 10

INSTRUCTION NO. 3:  Direct and Circumstantial Evidence ...................................... 13

INSTRUCTION NO. 4:  Credibility of Witnesses........................................................ 15

INSTRUCTION NO. 5:  Not All Evidence, Not All Witnesses Needed ........................... 18

INSTRUCTION NO. 6:  Presumption of Innocence; Burden of Proof; Reasonable Doubt
.................................................................................................................... 19

INSTRUCTION NO. 7:  Nature of the Indictment ...................................................... 21

INSTRUCTION NO. 8:  On or About........................................................................ 23

INSTRUCTION NO. 9:  Venue ............................................................................... 24

INSTRUCTION NO. 10:  Separate Consideration – Single Defendant Charged with
Multiple Offenses.................................................................................................. 25

INSTRUCTION NO. 11:  Stipulated Testimony (if applicable) ...................................... 26

INSTRUCTION NO. 12:  Stipulation of Fact (if applicable) ......................................... 27

INSTRUCTION NO. 13:  Judicial Notice (F.R.E. 201) (if applicable)............................ 28

INSTRUCTION NO. 14:  Audio Recordings – Consensual (if applicable) .................... 29

INSTRUCTION NO. 15:  Audio Recordings – Transcripts (if applicable)...................... 30

INSTRUCTION NO. 16:  Opinion Evidence............................................................... 31

INSTRUCTION NO. 17:  Opinion Evidence (Lay Witnesses) (if applicable) .................. 32

INSTRUCTION NO. 18:  Summaries – Underlying Evidence Admitted........................ 33

(if applicable) ........................................................................................ 33

INSTRUCTION NO. 19:  Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)
(if applicable) ........................................................................................ 34

INSTRUCTION NO. 20:  Specific Investigation Techniques Not Required (if applicable)
...................................................................................................... 35

INSTRUCTION NO. 21:  Credibility of Witnesses - Law Enforcement Officer .............. 36

INSTRUCTION NO. 22:  Credibility of Witnesses - Witness Who Has Pleaded Guilty to
Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses
...................................................................................................... 37

INSTRUCTION NO. 23:  Impeachment of Witness - Prior Inconsistent Statement for
Credibility Only (if applicable) ................................................................ 39

INSTRUCTION NO. 24:  Impeachment of Witness - Prior Conviction (F.R.E. 609) (if
applicable) ............................................................................................ 40

INSTRUCTION NO. 25:  Defendant's Choice Not to Testify (if applicable) ................... 41

INSTRUCTION NO. 27:  Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)) (if
applicable) ............................................................................................ 43

INSTRUCTION NO. 28:  Others Not Named As Defendants ....................................... 44

INSTRUCTION NO. 29:  Interviews By Assistant United States Attorneys ................. 45

INSTRUCTION NO. 30:  Proof Of Required State of Mind – Intentionally, Knowingly,
Willfully ................................................................................................ 46

INSTRUCTION NO. 31: "Knowingly" Defined ............................................................ 48

INSTRUCTION NO. 32: "Intentionally" Defined ...................................................... 49

INSTRUCTION NO. 33: Motive Explained ............................................................... 50

INSTRUCTION NO. 34: Willfully ............................................................................. 51

INSTRUCTION NO. 35: Use of Conjunctive ............................................................ 52

INSTRUCTION NO. 36: Conspiracy To Commit An Offense Against The United States: Basic Elements (18 U.S.C. § 371) ............................................................................ 53

INSTRUCTION NO. 37: Conspiracy – Existence of an Agreement.............................. 56

INSTRUCTION NO. 38: Conspiracy – Membership in the Agreement ........................ 58

INSTRUCTION NO. 39: Conspiracy – Overt Acts .................................................... 60

INSTRUCTION NO. 40: Conspiracy – Success Immaterial ........................................ 61

INSTRUCTION NO. 41: Conspiracy – Variance in Date Immaterial .......................... 62

INSTRUCTION NO. 42: Conspiracy – Manners And Means......................................... 63

INSTRUCTION NO. 43: Objects of the Conspiracy................................................... 64

INSTRUCTION NO. 44: Wire Fraud – First Element – "Scheme to Defraud or to Obtain Money or Property" ................................................................................................ 65

INSTRUCTION NO. 45: Wire Fraud – Protected Interests: Honest Services .............. 67

INSTRUCTION NO. 46: Wire Fraud – Intent to Defraud............................................. 68

INSTRUCTION NO. 47: Wire Fraud – Transmission Requirement.............................. 69

INSTRUCTION NO. 48: Conspiracy – Acts and Statements Of Co-Conspirators ........ 70

INSTRUCTION NO. 49:  Counts Two through Four – Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2 ................................................................................... 71

INSTRUCTION NO. 50:  Elements of 15 U.S.C. § 78dd-2............................................ 72

INSTRUCTION NO. 51:  Definition of "Domestic Concern"........................................ 74

INSTRUCTION NO. 52:  Definition of "Corruptly" and "Willfully" .............................. 75

INSTRUCTION NO. 53:  Promise or Authorization to Pay is Sufficient – Explained..... 76

INSTRUCTION NO. 54:  Definition of "Interstate Commerce".................................... 78

INSTRUCTION NO. 55:  Payments to Third Parties – "Knowing" – Defined ................ 79

INSTRUCTION NO. 56:  "Obtaining or Retaining Business" – Explained.................... 80

INSTRUCTION NO. 57:  Solicitation of Bribe Not a Defense – Explained................... 81

INSTRUCTION NO. 58:  Definition of "Foreign Official" ............................................ 82

INSTRUCTION NO. 59:  Definition of "Instrumentality"............................................ 83

INSTRUCTION NO. 60:  Count Five – Conspiracy to Launder Money, 18 U.S.C. § 1956(h)................................................................................................. 85

INSTRUCTION NO. 61:  Overt Act Need Not Be Proven ............................................ 86

INSTRUCTION NO. 62:  Objects of the Conspiracy.................................................... 87

INSTRUCTION NO. 63:  International Money Laundering – Essential Elements......... 88

INSTRUCTION NO. 64:  Count Six – Transacting in Criminal Proceeds, 18 U.S.C. § 1957 – Elements of the Offense ................................................................ 89

INSTRUCTION NO. 65:   Transacting In Criminal Proceeds:  Monetary Transaction Defined                  90

INSTRUCTION NO. 66:  Transacting In Criminal Proceeds Interstate Commerce Defined.................................................................................................................. 91

INSTRUCTION NO. 67:  Transacting In Criminal Proceeds - Criminally Derived Property Of A Specified Unlawful Activity Defined....................................................... 92

INSTRUCTION NO. 68: Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))... 94

INSTRUCTION NO. 69: Conspiracy Liability Guilty of the Substantive Offense .......... 97

INSTRUCTION NO. 70:  Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court ................................... 99

INSTRUCTION NO. 71:  Verdict Form...................................................................... 102

INSTRUCTION NO. 72: Forfeiture – Final Instructions (If Applicable) ...................... 103

CONCLUSION...................................................................................................... 106

## INTRODUCTION

The United States respectfully submits these initial requests to charge, and requests leave to submit additional requests if warranted by subsequent developments during trial.

INSTRUCTION NO. 1:  Role of Jury[1]

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use

---

[1]  Third Circuit Model Criminal Jury Instruction 3.01 (2015).

any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

<u>INSTRUCTION NO. 2:  Evidence</u>[2]

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) the testimony of the witnesses;

(2) documents and other things received as exhibits; and

(3) any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) the indictment;

(2) statements and arguments of the lawyers for the parties in this case;

(3) questions by the lawyers and questions that I might have asked;

(4) objections by lawyers, including objections in which the lawyers stated facts;

(5) any testimony I struck or told you to disregard; and

(6) anything you may have seen or heard about this case outside the courtroom.

---

[2]  Third Circuit Model Criminal Jury Instruction 3.02 (2015).

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might

have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

<u>INSTRUCTION NO. 3:  Direct and Circumstantial Evidence</u>[3]

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses, that is, something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask

_____

    [3]  Third Circuit Model Criminal Jury Instruction 3.03 (2015).

you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

<u>INSTRUCTION NO. 4:  Credibility of Witnesses</u>[4]

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) the opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) the quality of the witness' knowledge, understanding, and memory;

(3) the witness' appearance, behavior, and manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

---

[4]  Third Circuit Model Criminal Jury Instruction 3.04 (2015).

15

(5) any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

<u>INSTRUCTION NO. 5:  Not All Evidence, Not All Witnesses Needed</u>[5]

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[In this case, Joseph Sigelman [presented evidence] [produced witnesses]. Joseph Sigelman is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

---

[5]  Third Circuit Model Criminal Jury Instruction 3.05 (2015).

<u>INSTRUCTION NO. 6:  Presumption of Innocence; Burden of Proof; Reasonable Doubt[6]</u>

The defendant has pleaded not guilty to the offenses charged.  The defendant is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with the defendant unless and until the Government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the Government to prove the defendant guilty and this burden stays with the Government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the Government must convince you that the defendant is guilty beyond a reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt.  The defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

---

[6]  Third Circuit Model Criminal Jury Instruction 3.06 (2015).

19

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of an offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of an offense charged, then you must return a verdict of not guilty for that offense.

INSTRUCTION NO. 7:  Nature of the Indictment[7]

As you know, the defendant is charged in the indictment with violating federal law. Specifically, Count One charges that, from in or around June 2009 to in or around December 2010, defendant Joseph Sigelman conspired with Hammarskjold and Weisman to use their positions at PetroTiger to enrich themselves in two ways: (1) by soliciting or accepting kick-back payments in connection with the acquisition of Production Testing Services, Ltd. by PetroTiger, and (2) by making corrupt payments to an official at Ecopetrol to obtain and retain business related to the Mansarovar Contract.

Counts Two through Four charge that the defendant violated the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. § 78dd-2, on or about October 12, 2010 (Count Two), December 6, 2010 (Count Three), and December 28, 2010 (Count Four).

Count Five charges that from in or around June 2009 to in or around December 2010, the defendant knowingly conspired and agreed with others to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 1957.

In Count Six, the defendant is charged with transacting in criminal proceeds, specifically, the proceeds of wire fraud, in violation of 18 U.S.C. § 1957.

---

[7]  Third Circuit Model Criminal Jury Instruction 3.07 (2015).

The defendant is also charged in Counts Two through Four and Six under 18 U.S.C. § 2, with aiding and abetting the commission of the crimes charged in Counts Two through Four and Six.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crime the defendant is accused of committing.  An indictment is simply a description of the charge against the defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

<u>INSTRUCTION NO. 8:  On or About</u>[8]

You will note that the indictment charges that the offenses were committed "on or about" or "on or around" certain dates.  The Government does not have to prove with certainty the exact dates of the alleged offenses.  It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

---

[8]  Third Circuit Model Criminal Jury Instruction 3.08 (2015).

INSTRUCTION NO. 9:  Venue[9]

The indictment alleges that some act in furtherance of the offense charged occurred here in New Jersey.  There is no requirement that all aspects of the offenses charged take place here in New Jersey.  But for you to return a guilty verdict, the government must convince you that some act in furtherance of the crime charged took place here in New Jersey.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

---

[9]  Third Circuit Model Criminal Jury Instruction 3.08 (2015).

<u>INSTRUCTION NO. 10:  Separate Consideration – Single Defendant Charged with Multiple Offenses</u>[10]

The defendant is charged with several offenses; each offense is charged in a separate count of the indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on any one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

---

[10]  Third Circuit Model Criminal Jury Instruction 3.12 (2015).

<u>INSTRUCTION NO. 11:  Stipulated Testimony (if applicable)</u> [11]

The parties have agreed what various witnesses' testimony would be if called as witnesses.  You should consider that testimony in the same way as if it had been given here in court by the witness.

---

[11]  Third Circuit Model Criminal Jury Instruction 4.01 (2015).

<u>INSTRUCTION NO. 12:  Stipulation of Fact (<mark>if applicable</mark>)</u> [12]

The Government and the defendant have agreed that [stipulated facts] are true. You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

---

[12]  Third Circuit Model Criminal Jury Instruction 4.02 (2015).

<u>INSTRUCTION NO. 13:  Judicial Notice (F.R.E. 201)</u> (if applicable) [13]

I have taken judicial notice of certain facts.  *(State the fact(s) that are being judicially noticed.)*  I believe (*this fact is)(these facts are) (of such common knowledge) (can be so accurately and readily determined from (name accurate source*)) that it cannot reasonably be disputed.  You may accept this fact as proven, but are not required to do so.  As with any fact the final decision whether or not to accept it is for you to make and you are not required to agree with me.

---

[13]  Third Circuit Model Criminal Jury Instruction 4.03 (2015).

INSTRUCTION NO. 14:  Audio Recordings – Consensual (if applicable)[14]

During the trial you heard video recordings of conversations involving the defendant made without his knowledge.  These recordings were made with the consent and agreement of the cooperating witness, one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful, and the recordings may be used by either party.

---

[14]  Third Circuit Model Criminal Jury Instruction 4.04 (2015).

INSTRUCTION NO. 15:  Audio Recordings – Transcripts (if applicable)[15]

You have heard video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers.  But remember, you must decide who you actually heard speaking in the recording.  The names on the transcript were used simply for your convenience.

---

[15]  Third Circuit Model Criminal Jury Instruction 4.06 (2015).

<u>INSTRUCTION NO. 16:  Opinion Evidence[16]</u>

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from [NAMES OF EXPERT WITNESSES].  Because of their knowledge, skill, experience, training, or education regarding the history, structure, ownership/control, and function of Ecopetrol [ANY OTHERS], [NAMES OF EXPERT WITNESSES] were permitted to offer opinions in those fields and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witnesses' qualifications, the reasons for the witnesses' opinions, and the reliability of the information supporting the witnesses' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that [NAMES OF EXPERT WITNESSES] opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

---

[16]  Third Circuit Model Criminal Jury Instruction 4.08 (2015).

<u>INSTRUCTION NO. 17:  Opinion Evidence (Lay Witnesses)</u> <mark>(if applicable)</mark>[17]

Witnesses are not generally permitted to state their personal opinions about important questions in a trial.  However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue.

In this case, I permitted <mark>*(name)*</mark> to offer <mark>*(his)(her)*</mark> opinion based on <mark>*(his)(her)*</mark> perceptions.  The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.

---

[17]  Third Circuit Model Criminal Jury Instruction 4.09 (2015).

<u>INSTRUCTION NO. 18:  Summaries – Underlying Evidence Admitted</u>

<u>(if applicable)</u>[18]

*(The parties)(The government)(The defendant)* presented certain

*(charts)(summaries)* in order to help explain the facts disclosed by the *(describe*

*the admitted evidence that provided the basis for the summaries; e.g., books,*

*records, documents)* which were admitted as evidence in the case.  The

*(charts)(summaries)* are not themselves evidence or proof of any facts.  If the

*(charts)(summaries)* do not correctly reflect the evidence in the case, you should

disregard them and determine the facts from the underlying evidence.

---

[18]  Third Circuit Model Criminal Jury Instruction 4.10 (2015).

<u>INSTRUCTION NO. 19:  Summaries – Underlying Evidence Not Admitted</u>
<u>(F.R.E. 1006)</u> (if applicable)[19]

Certain summaries offered by the Government were admitted as

evidence.  You may use those summaries as evidence, even though the

underlying documents and records have not been admitted into evidence.

_____

[19]  Third Circuit Model Criminal Jury Instruction 4.11 (2015).

<u>INSTRUCTION NO. 20:  Specific Investigation Techniques Not Required (if applicable)</u>[20]

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques, such as [...].  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to [...].

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

---

[20]  Third Circuit Model Criminal Jury Instruction 4.14 (2015).

35

INSTRUCTION NO. 21:  Credibility of Witnesses - Law Enforcement Officer[21]

You have heard the testimony of a law enforcement officer.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony deserves more or less consideration or greater or lesser weight than that of any other witness.  At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

---

[21]  Third Circuit Model Criminal Jury Instruction 4.18 (2015).

<u>INSTRUCTION NO. 22:  Credibility of Witnesses - Witness Who Has
Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses,
Cooperating Witnesses</u>[22]

You have heard evidence that Knut Hammarskjold and Gregory Weisman are alleged co-conspirators, that is, people who say they participated in the crimes charged.  You have also heard that Knut Hammarskjold and Gregory Weisman each entered into a plea agreement with the government.

The testimony of Knut Hammarskjold and Gregory Weisman was received in evidence and may be considered by you.  The government is permitted to present the testimony of someone who has reached a plea bargain with the government in exchange for his testimony, but you should consider the testimony of Knut Hammarskjold and Gregory Weisman with great care and caution.  In evaluating Knut Hammarskjold's and Gregory Weisman's testimony, you should consider this factor along with the others I have called to your attention.  Whether or not their testimony may have been influenced by the plea agreements is for you to determine.  You may give their testimony such weight as you think it deserves.

You must not consider Knut Hammarskjold's and Gregory Weisman's guilty pleas as any evidence of Joseph Sigelman's guilt. Hammarskjold's and Weisman's decisions to plead guilty were personal decisions about their own guilt.  Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that the defendant has been singled out for prosecution;

---

[22]  Third Circuit Model Criminal Jury Instruction 4.19 (2015).

and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified.  You may consider Knut Hammarskjold's and Gregory Weisman's guilty pleas only for these purposes.

<u>INSTRUCTION NO. 23:  Impeachment of Witness - Prior Inconsistent Statement</u>
<u>for Credibility Only <mark>(if applicable)</mark></u>[23]

You have heard the testimony of certain witnesses.  You have also heard that before this trial they made statements that may be different from their testimony in this trial.  It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial.  These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial.  You cannot use it as proof of the truth of what the witnesses said in the earlier statements.  You can only use it as one way of evaluating the witnesses' testimony in this trial.

*<mark>[You also heard evidence that (this witness)(certain witnesses) made statements before this trial that were (describe condition satisfying Federal Rules of Evidence, Rule 801(d)(1)(A); e.g., made under oath, given before the grand jury) and that may be different from (his)(her) testimony at trial.  When a statement is (describe condition; made under oath, made before the grand jury), you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witness(es) said in the earlier statement(s).  But when a statement is (describe condition; e.g., not made under oath, not given before the grand jury), you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witness(es) said in the earlier statement(s).]</mark>*

---

[23]  Third Circuit Model Criminal Jury Instruction 4.22 (2015).

<u>INSTRUCTION NO. 24:  Impeachment of Witness - Prior Conviction (F.R.E. 609)</u>
<u>(if applicable)</u>[24]

You heard evidence that David Duran, a witness, was previously convicted of a crime.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe David Duran and how much weight to give to David Duran's testimony.

---

[24]  Third Circuit Model Criminal Jury Instruction 4.25 (2015).

40

INSTRUCTION NO. 25:  Defendant's Choice Not to Testify (if applicable)[25]

Defendant did not testify in this case. A defendant has an absolute constitutional right not to testify.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that the defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

---

[25]  Third Circuit Model Criminal Jury Instruction 4.27 (2015).

<u>INSTRUCTION NO. 26:  Defendant's Testimony <mark>(if applicable)</mark></u>[26]

In a criminal case, the defendant has a constitutional right not to testify.

However, if he chooses to testify, he is, of course, permitted to take the witness

stand on his own behalf.  In this case, defendant Joseph Sigelman testified.

You should examine and evaluate his) testimony just as you would the

testimony of any witness.

---

[26] Third Circuit Model Criminal Jury Instruction 4.27 (2015).

<u>INSTRUCTION NO. 27:  Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)) (if applicable)</u> [27]

[The Government will submit a Rule 404(b) instruction consistent with any ruling this Court makes concerning the Government's Motion *In Limine* to Admit Certain Evidence as Intrinsic Evidence or Pursuant to Rule 404(b).  It remains the Government's contention that the proffered evidence is admissible as intrinsic evidence, and no separate instruction is necessary.]

---

[27]  Third Circuit Model Criminal Jury Instruction 4.29 (2015).

INSTRUCTION NO. 28:  Others Not Named As Defendants

You may not draw any inference, favorable or unfavorable, towards the government or the defendant, from the fact that certain persons were not named as defendants in the indictment in this case.  There are many reasons why certain other persons would not be named as defendants in this particular case, and these reasons must play no part in your deliberations.  It should be of no concern to you, and you should not speculate as to the reason for their absence.

INSTRUCTION NO. 29:  Interviews By Assistant United States Attorneys

During the trial, you have heard testimony that the attorneys and their assistants, including federal prosecutors and federal agents, have interviewed some witnesses who testified on behalf of the United States to prepare for trial. No adverse inference against any party should be drawn from the fact that such interviews occurred.  Indeed, the prosecutors, their assistants, and federal law enforcement officers have a right, duty, and obligation to conduct those interviews, and prepare this case as thoroughly as possible.

INSTRUCTION NO. 30:  Proof Of Required State of Mind – Intentionally, Knowingly, Willfully[28]

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  However, the defendant's state of mind can be proved indirectly from the surrounding circumstances.  Thus, to determine the defendant's state of mind at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences.  You may find, but you are not required to find, that the defendant knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the defendant did know and did intend that those consequences would result from his

---

[28]  Third Circuit Model Criminal Jury Instruction 5.01 (2014).

actions.  This is entirely up to you to decide as the finders of the facts in this

case.

INSTRUCTION NO. 31:  "Knowingly" Defined[29]

The offenses charged in all the counts of the indictment require that the government prove that the defendant acted "knowingly" with respect to certain elements of the offense.  This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether the defendant acted "knowingly," you may consider evidence about what the defendant said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

---

[29]  Third Circuit Model Criminal Jury Instruction 5.02 (2014).

INSTRUCTION NO. 32:  "Intentionally" Defined[30]

The offenses of conspiracy charged in Count One and Count Five of the Indictment, both require that the government prove that the defendant acted "intentionally" or "with intent" with respect to certain elements of the offenses. This means that the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted "intentionally" or "with intent," you may consider evidence about what the defendant said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

---

[30]  Third Circuit Model Criminal Jury Instruction 5.03 (2014).

49

INSTRUCTION NO. 33:  Motive Explained[31]

Motive is not an element of the offenses with which the defendant is charged. Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty.  Evidence of a defendant's motive may, however, help you find a defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

---

[31]  Third Circuit Model Criminal Jury Instruction 5.04 (2014).

50

INSTRUCTION NO. 34:  Willfully[32]

The offenses of conspiracy to violate the FCPA and violating the FCPA charged in the indictment require the government to prove that the defendant acted "willfully" with respect to certain elements of the offenses.  This means the government must prove beyond a reasonable doubt that the defendant knew his conduct was unlawful and intended to do something that the law forbids.  That is, to find that the defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.

"Willfully" does not require proof that the actor knew of the existence and meaning of the statute making his conduct criminal.

---

[32]  Third Circuit Model Criminal Jury Instruction 5.05 (2014).

<u>INSTRUCTION NO. 35:  Use of Conjunctive</u>[33]

Upon reading the indictment, you may notice that the word "and" is used between other charging words.  For example, the indictment charges that the defendant and co-conspirators acted by "soliciting and accepting kick-back payments." Although the indictment is written that way, you are specifically instructed that it is sufficient for the government to prove that the defendant did <u>one</u> of the acts charged in the indictment. For example, the government need only prove that the defendant solicited <u>or</u> accepted kick-back payments. In other words, you should treat the word "and" as really being the word "or."

An important exception to this rule applies to the required mental states for the commission of a crime.  If an element of an offense involves more than one mental state, such as when a defendant is guilty only if he knowingly <u>and</u> intentionally performed a particular action or engaged in particular conduct, then the government must prove both of those mental states beyond a reasonable doubt.

---

[33]  <u>See</u> <u>United States v. Cusumano</u>, 943 F.2d 305 (3d Cir.1991) (rejecting a constructive amendment claim based on the fact that the indictment was written in the conjunctive but the district court charged the jury in the disjunctive); <u>accord</u>, <u>United States v. Vampire Nation</u>, 451 F.3d 189, 204 (3d Cir. 2006).

<u>INSTRUCTION NO. 36:  Conspiracy To Commit An Offense Against The United States:  Basic Elements (18 U.S.C. § 371)[34]</u>

Count One of the Superseding Indictment charges that from in or around June 2009 through in or around December 2010, in the District of New Jersey and elsewhere, defendant Joseph Sigelman did knowingly and intentionally conspire and agree with Hammarskjold, Weisman, and others known and unknown, to commit offenses against the United States, namely:

    a.  to knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and to obtain money and property and deprive Petrotiger, its shareholders, and the Investing Partners of their right to SIGELMAN's, Hammarskjold's, and Weisman's honest and faithful services by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme or artifice, to transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346; and

    b.  being a domestic concern, to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv)

---

[34] Third Circuit Model Criminal Jury Instruction 6.18.371A (2013).

53

inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist SIGELMAN, Hammarskjold, Weisman, and others in obtaining and retaining business for and with, and directing business to, PetroTiger, and others, contrary to Title 15, United States Code, Section 78dd-2(a). and that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as alleged in the indictment.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to commit offenses against the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

First:  That two or more persons agreed to commit offenses against the United States, as charged in the indictment. I will explain the elements of the offenses to you shortly;

Second:  That the defendant was a party to or member of that agreement;

Third:  That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to

54

achieve common goals or objectives, to commit offenses against the United States; and

Fourth:  That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.

INSTRUCTION NO. 37:  Conspiracy – Existence of an Agreement[35]

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve at least one of the objectives of the conspiracy – either (1) to solicit or accept kick-back payments in connection with the acquisition of Production Testing Services, Ltd. by PetroTiger in violation of the wire fraud statute in violation of the wire fraud statute, or (2) to retain business related to the Mansarovar Contract by making corrupt payments to an official at Ecopetrol in violation of the Foreign Corrupt Practices Act.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished.  The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the government must prove beyond a reasonable doubt is that two or more persons

---

[35] Third Circuit Model Criminal Jury Instruction 6.18.371C (2013).

in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The indictment charges a conspiracy to commit two federal crimes.  The government does not have to prove that the alleged conspirators agreed to commit both of these crimes.  The government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime.  You cannot find the defendant guilty of conspiracy unless you unanimously agree that the same federal crime or crimes were the objectives of the conspiracy.  It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

INSTRUCTION NO. 38:  Conspiracy – Membership in the Agreement[36]

If you find that the criminal agreement or conspiracy described in Count 1 of the indictment existed, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the defendant knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning.  The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objectives, and intended to further the objectives.  Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of

---

[36] Third Circuit Model Criminal Jury Instruction 6.18.371D (2013).

what was happening or did not object to it.  Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

<u>INSTRUCTION NO. 39:  Conspiracy – Overt Acts</u>[37]

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objectives of the conspiracy.

The indictment alleges certain overt acts.  The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.  Also, the government does not have to prove that the defendant personally committed any of the overt acts.  The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in the indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objectives of the conspiracy.  You must unanimously agree on the overt act that was committed.

---

[37] Third Circuit Model Criminal Jury Instruction 6.18.371F (2013).

INSTRUCTION NO. 40:  Conspiracy – Success Immaterial[38]

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

---

[38] Third Circuit Model Criminal Jury Instruction 6.18.371G (2013).

<u>INSTRUCTION NO. 41:  Conspiracy – Variance in Date Immaterial</u>[39]

The indictment alleges that the conspiracy existed between particular dates. The government is not required, however, to prove that the conspiracy started and ended on any specific date.  It is sufficient if you find that the conspiracy was formed and existed for some time within the approximate period set forth in the Indictment.  Similarly, you need not find that the conspiracy continued during the entire time alleged.  In fact, the government has sustained its burden of proof if you find that the conspiracy existed at any point in time in or about the dates set forth in the Indictment.

---

[39]  <u>See</u> <u>Pope v. United States</u>, 289 F. 312, 314 (3d Cir. 1923); <u>Baker v. United States</u>, 393 F.2d 604, 613 (9th Cir. 1968).[40]  <u>See</u> <u>United States v. Miller</u>, 471 U.S. 130, 136 (1985); <u>United States v. Attanasio</u>, 870 F.2d 809, 816 (2d Cir. 1989); <u>United States v. Felder</u>, 572 F. Supp. 17, 21 (E.D.Pa.), <u>aff'd</u>, 722 F.2d 735 (3d Cir. 1983).

INSTRUCTION NO. 42: Conspiracy – Manners And Means[40]

The evidence does not have to show that the conspirators agreed on all the manners and means of executing the conspiracy that are set forth in Count 1 of the Indictment.  There also is no need to show that all of those manners and means were actually used or put into operation.  The evidence need only show, beyond a reasonable doubt, that the conspiracy existed substantially as charged in Count 1.

---

[40]   See United States v. Miller, 471 U.S. 130, 136 (1985); United States v. Attanasio, 870 F.2d 809, 816 (2d Cir. 1989); United States v. Felder, 572 F. Supp. 17, 21 (E.D.Pa.), aff'd, 722 F.2d 735 (3d Cir. 1983).

<u>INSTRUCTION NO. 43:  Objects of the Conspiracy</u>[41]

The indictment charges two objects of the conspiracy: (1) to solicit or accept kick-back payments in connection with the acquisition of Production Testing Services, Ltd. by PetroTiger in violation of the wire fraud statute, and (2) to retain business related to the Mansarovar Contract by making corrupt payments to an official at Ecopetrol in violation of the Foreign Corrupt Practices Act.  The Government needs to prove only one of these objects of the conspiracy.

I will explain the elements of the Foreign Corrupt Practices Act to you later, as that is charged as a separate offense in a subsequent count.  I will describe for you now the three essential elements of a wire fraud crime.

First:    That a person knowingly devised a scheme to defraud or to obtain money or property or the intangible right of honest services by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

Second:   That a person acted with the intent to defraud; and

Third:    That in advancing, furthering, or carrying out the scheme, a person transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused such transmission.[42]

---

[41]   Adapted from *United States v. Richard S. Markey and Joseph W. Simpson*, No. 3:99-cr-156 (AWT), December 12, 2000.
[42]   Third Circuit Model Criminal Jury Instructions 6.18.1343 (2015).

<u>INSTRUCTION NO. 44:  Wire Fraud – First Element – "Scheme to Defraud or to Obtain Money or Property"[43]</u>

The first element of wire fraud requires that a person knowingly devised or willfully participated in a scheme to defraud the victims of money or property or the intangible right of honest service by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property or the intangible right of honest service by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter.  A material fact is one which would reasonably be

---

[43] Adapted from Third Circuit Model Criminal Jury Instruction 6.18-1341-1

expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property or of the intangible right of honest services.  However, the government is not required to prove the identity of the conspirator who originated the scheme to defraud.  Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that any intended victim actually suffered any loss.  Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

INSTRUCTION NO. 45:  Wire Fraud – Protected Interests: Honest Services[44]

An employee owes a duty of honest, faithful and disinterested service to the company that employs him.  A company is entitled to rely on its employees in certain circumstances to act in the company's interest, not for their own enrichment.  An employee who accepts a bribe or a kickback breaches his duty of honest, faithful, and disinterested service.

---

[44] Adapted from Third Circuit Model Criminal Jury Instruction 6.18-1341-3.

<u>INSTRUCTION NO. 46:  Wire Fraud – Intent to Defraud</u>[45]

The second element of wire fraud requires that a person acted with the specific intent to defraud.  To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.  In considering whether a conspirator acted with an intent to defraud, you may consider, among other things, whether the individual acted with a desire or purpose to bring about some gain or benefit to himself or someone else or with a desire or purpose to cause some loss to someone.

---

[45] Adapted from Third Circuit Model Criminal Jury Instruction 6.13.1341-4.

<u>INSTRUCTION NO. 47:  Wire Fraud – Transmission Requirement</u>[46]

The third element of wire fraud requires that in advancing, furthering, or carrying out the scheme, a person transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.  The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire.  The use of the Internet to send a message, such as an e-mail, or to communicate with a web site may constitute a wire transmission in interstate commerce.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.  However, the use of the wire, radio, or television communication in interstate commerce must have furthered, or advanced, or carried out, in some way, the scheme.

---

[46] Adapted from Third Circuit Model Criminal Jury Instruction 6.13.1343-1.

INSTRUCTION NO. 48:  Conspiracy – Acts and Statements of Co-Conspirators[47]

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendant, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

---

[47] Third Circuit Model Criminal Jury Instruction 6.18.371K (2013).

<u>INSTRUCTION NO. 49:  Counts Two through Four – Foreign Corrupt Practices Act, 15 U.S.C. § 78dd-2[48]</u>

Counts Two through Four of the indictment charge Joseph Sigelman with violating the Foreign Corrupt Practices Act.  Specifically, Count Two charges Sigelman in connection with the October 12, 2010 transfer of $133,400 from PetroTiger's bank account to a foreign official; Count Three charges Sigelman in connection with the December 6, 2010 transfer of $66,700 from PetroTiger's bank account to a foreign official, and Count Four charges Sigelman in connection with the December 28, 2010 transfer of $66,700 from PetroTiger's bank account to a foreign official.

---

[48]   The proposed instructions for Counts Two through Four are adapted to the facts of this case from *United States v. Bourke*, No. 05-cr-518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by *United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011); *United States v. Esquenazi*, No. 09-cr- 21010 (JEM) (S.D. Fla. Aug. 4, 2011), affirmed by *United States v. Esquenazi*, No. 11-15331, 2014 U.S. App. LEXIS 9096 (11th Cir. May 16, 2014).

<u>INSTRUCTION NO. 50:  Elements of 15 U.S.C. § 78dd-2</u>

In order to satisfy its burden of proof, the government must establish the following seven essential elements beyond a reasonable doubt:

(1)     The defendant is a "domestic concern," or an officer, director, employee, or agent of a "domestic concern," or a stockholder thereof acting on behalf of such domestic concern, all concepts that I will define for you shortly;

(2)     The defendant acted corruptly and willfully;

(3)     The defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute, or aided and abetted another to do the same;

(4)     The defendant offered, paid, promised to pay, or authorized the payment of money or of anything of value, or aided and abetted another to do the same;

(5)     The payment or gift was to a foreign official or to any person, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official;

(6)     That the payment was for one of four purposes:

-   to influence any act or decision of the foreign official in his or her official capacity;

-   to induce the foreign official to do or omit to do any act in violation of that official's lawful duty;

72

- to induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or

- to secure any improper advantage; and

(7)    The payment was made to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person.

INSTRUCTION NO. 51:  Definition of "Domestic Concern"

One of the elements that the government must prove is that the defendant was a domestic concern, or an officer, director, employee, or agent of a domestic concern.  A "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States; or (b) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

INSTRUCTION NO. 52:  Definition of "Corruptly" and "Willfully"

Another element that the government must prove is that the defendant acted corruptly.  An act is "corruptly" done if done voluntarily and intentionally, and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result but by some unlawful method or means.  The term "corruptly" in FCPA is intended to connote that the offer, payment, or promise was intended to induce the foreign official to misuse his or her official position.

The term "willfully" means that the defendant committed the act voluntarily and purposefully, and with knowledge that his conduct was, in a general sense, unlawful.  That is, the defendant must have acted with a bad purpose to disobey or disregard the law.  The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.

INSTRUCTION NO. 53:  Promise or Authorization to Pay is Sufficient –
Explained

        As I previously told you, one of the elements that the government must

prove beyond a reasonable doubt for you to convict a defendant of violating the

FCPA is that the defendant offered, paid, promised to pay, or authorized the

payment of money or of anything of value, or aided and abetted another to do

the same.  It is not required that the payment actually be made.  A promise to

pay and the authorization of payment by a domestic concern are each also

prohibited by the FCPA.  Indeed, a domestic concern, or an officer, employee,

or agent of a domestic concern, that engages in bribery of a foreign official

indirectly through any other person or entity is liable under the FCPA, just as if

the person had engaged in the bribery directly.  Thus, if you find that the

defendant is a domestic concern, that is, a United States citizen or lawful

permanent resident, or that he was an officer, employee, or agent of a domestic

concern, and that he authorized another person to pay a bribe, that

authorization alone is sufficient for you to find that this element has been

proven.

        To repeat, it is not necessary that the payment actually take place.

Instead, it is the offer or the authorization that completes the crime.  You may

find this element satisfied if you find that the defendant promised or authorized

an unlawful payment, or aided and abetted another to do so, even if you believe

that the payment was not actually made.  It is sufficient simply if the defendant

76

believed that a bribe would be paid and that he promised or authorized the bribe to be paid, or aided and abetted another to do so.

INSTRUCTION NO. 54:  Definition of "Interstate Commerce"

The government must also prove that the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute, or aided and abetted another to do so.  The term "interstate commerce" means trade, commerce, transportation, or communication among the several States, or between any foreign country and any State or between any State and any place outside thereof, and such term includes the intrastate use of (a) a telephone or other interstate means of communication, or (b) any other interstate instrumentality.  If such mechanisms as trade, transportation, or communication are utilized by persons and goods passing between the various states, they are instrumentalities of interstate commerce.  I instruct you that, as a matter of law, using a U.S. bank constitutes the use of a means or instrumentality of interstate commerce.  So if you find that such a thing occurred, you may find that this element has been proved.

INSTRUCTION NO. 55:  Payments to Third Parties – "Knowing" – Defined

Provided all the other elements are present, an offer to pay, payment, promise to pay, or authorization of payment is unlawful under the Foreign Corrupt Practices Act if it is made to any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official.

For the purposes of this section, a person's state of mind is "knowing" with respect to conduct, a circumstance, or a result if (a) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (b) such person has a firm belief that such circumstance exists or that such result is substantially certain to occur.  A person is deemed to have such knowledge if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.

INSTRUCTION NO. 56:  "Obtaining or Retaining Business" – Explained

The Foreign Corrupt Practices Act prohibits offers, payments, promises to pay, or authorization of payments made by a domestic concern, or officer, director, employee, or agent of a domestic concern, "in order to assist such domestic concern in obtaining or retaining business for or with, or directing business to, any person or company."  It is not necessary for the government to prove that the domestic concern itself actually obtained or retained any business whatsoever as a result of an unlawful offer, payment, promise, or gift. Moreover, the Act's prohibition of corrupt payments to assist in obtaining or retaining business is not limited to the obtaining or renewal of contracts or other business, but also includes a provision against corrupt payments related to the execution or performance of contracts or the carrying out of existing business, such as a payment to a foreign official for the purpose of obtaining more favorable tax treatment.

INSTRUCTION NO. 57:  Solicitation of Bribe Not a Defense – Explained

It does not matter who suggested that a corrupt offer, payment, promise or gift be made. The Act prohibits any payment or gift intended to influence the recipient, regardless of who first suggested it.  It is not a defense that the payment was demanded on the part of a government official as a price for continuing to do business or other benefit or that the business may be harmed if the payment is not made.  That the offer to pay, payment, promise to pay, or authorization of payment may have been first suggested by the recipient is not deemed an excuse for a domestic concern's decision to make a corrupt payment, nor does it alter the corrupt purpose with which the offer to pay, payment, promise to pay, or authorization of payment was made.

<u>INSTRUCTION NO. 58:  Definition of "Foreign Official"</u>

The term "foreign official" means any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality.

<u>INSTRUCTION NO. 59:  Definition of "Instrumentality"[49]</u>

The defendant has been charged with offering, promising, or authorizing the payment of bribes to an official employed by Colombia's national oil company, Ecopetrol S.A. ("Ecopetrol"), or aiding and abetting others to do the same.  To find that an employee of Ecopetrol was a foreign official, you must find that Ecopetrol was a government instrumentality.  An "instrumentality" of a foreign government is an entity controlled by the foreign government through which it performs a function that the government treats as its own.

To decide if Ecopetrol is an instrumentality of the government of Colombia, you may consider factors including but not limited to:

1.     whether the Colombian government has a majority interest in Ecopetrol;

2.     whether there is a requirement that the Colombian government maintain control over Ecopetrol;

3.     the circumstances surrounding Ecopetrol's creation;

4.     whether Ecopetrol provides services to the citizens and inhabitants of Colombia;

5.     the degree to which the Colombian government effectuates certain national policies or priorities through Ecopetrol;

---

[49] *See United States v. Esquenazi*, 752 F.3d 912, 924-25 (11th Cir.), *cert. denied* 135 S.Ct. 293 (2014); *United States v. Aguilar,* 783 F. Supp. 2d 1108, 1115 (C.D. Cal. 2011); *United States v. Carson*, 2011 WL 5101701 *1, *3-*4 (C.D. Cal. 2011)(unreported).

6.      whether Ecopetrol's key officers or directors are government officials or are appointed by government officials;

7.      whether the Colombian government has the power to fire key officers or directors of Ecopetrol;

8.      the degree to which Ecopetrol is a source of revenue for the Colombian government;

9.      whether Ecopetrol has a monopoly over the functions it exists to carry out;

10.     the degree to which Ecopetrol is subject to government controls and oversight, including with regard to fiscal matters and conduct of public officials;

11.     Ecopetrol's obligations and privileges under Colombian law;

12.     Colombia's characterization of Ecopetrol and its employees;

13.     whether Ecopetrol is widely perceived and understood to be performing official or government functions; and

14.     the length of time these indicia have existed.

Such factors are not exclusive, and no single factor is dispositive.

84

<u>INSTRUCTION NO. 60:  Count Five – Conspiracy to Launder Money, 18 U.S.C.
§ 1956(h)</u>[50]

Count Five of the indictment charges Joseph Sigelman with conspiring to launder money from in or around June 2009 through in or around December 2010, in violation of 18 United States Code, Section 1956(h).  In order to satisfy its burden of proof, the government must establish the following two essential elements beyond a reasonable doubt:

(1)   That two or more persons entered into the unlawful agreement charged in Count Five; and

(2)   That the defendant knowingly, willfully, and voluntarily became a member of that conspiracy.

---

[50]   The proposed instructions for Count Five are adapted from *United States v. Bourke*, No. 05-cr-518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by *United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011).

<u>INSTRUCTION NO. 61:  Overt Act Need Not Be Proven</u>

With respect to the conspiracy to launder money charged in Count Five, which is different than the conspiracy charged in Count One, you need not find that an overt act was committed in furtherance of the conspiracy.

INSTRUCTION NO. 62:  Objects of the Conspiracy

The indictment charges two objects of the conspiracy to launder money. The first is international money laundering in violation of 18 U.S.C. § 1956(a)(2)(A).  The second is laundering proceeds in amounts greater than $10,000 in violation of 18 U.S.C. § 1957.  The Government needs to prove only one of these objects of the conspiracy.

I will explain the elements of the section 1957 money laundering violation to you later, as that is charged as a separate offense in a subsequent count.  I will describe for you now the two essential elements of section 1956(a)(2)(A) money laundering violation.

<u>INSTRUCTION NO. 63:  International Money Laundering – Essential Elements</u>

The international money laundering statute makes it a crime to transfer or transmit money from a place inside the United States to a place outside the United States with the intent to promote the carrying on of a specified unlawful activity.   The two essential elements of international money laundering in violation of section 1956(a)(2)(A) are as follows:

First: that a defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States) or aided and abetted another to do the same.

Second: that a defendant did so with the intent to promote the carrying on of specified unlawful activity.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud and conspiracy to commit wire fraud.  I have explained to you already the elements of these offenses.

<u>INSTRUCTION NO. 64:  Count Six – Transacting in Criminal Proceeds, 18
U.S.C. § 1957 – Elements of the Offense</u>

Count Six of the indictment charges Joseph Sigelman with unlawfully

engaging (or attempting to engage) in monetary transactions in property

derived from specified unlawful activity, and aiding, abetting, or causing others

to do so, in violation of Title 18, United States Code, section 1957.

In order to find the defendant guilty of this offense, you must

find that the government proved each of the following five elements beyond

a reasonable doubt:

First: that the defendant engaged or attempted to engage in a

monetary transaction;

Second: that the defendant knew that the transaction involved

property derived from some form of criminal activity;

Third, that the criminally derived property was of a value

greater than $10,000;

Fourth, that the criminally derived property was, in fact,

derived from a specified unlawful activity: here, wire fraud; and

Fifth, that the monetary transaction took place in the United

States.[51]

---

[51] <u>See</u> Seventh Circuit Pattern Criminal Federal Jury Instructions, 18
U.S.C. § 1957; Eleventh Circuit Pattern Jury Instructions, 74.6.

89

INSTRUCTION NO. 65:   Transacting In Criminal Proceeds:  Monetary
Transaction Defined

The term "monetary transaction" means the deposit,

withdrawal, transfer or exchange, in or affecting interstate or foreign

commerce, of funds or a monetary instrument by, through, or to a financial

institution.[52]

---

[52] See 18 U.S.C. § 1957(f)(1).

INSTRUCTION NO. 66:  Transacting In Criminal Proceeds Interstate Commerce
Defined

The term "interstate commerce," as used in these instructions, means commerce between any combination of states, territories or possessions of the United States.

The government is not required to prove that the transactions with financial institutions themselves affected interstate or foreign commerce.  It is sufficient if the financial institutions or banks through which the financial transactions were conducted were engaged in or had other activities which affected interstate or foreign commerce in any way or degree.

Further, the government is not required to prove that the defendant knew of or intended the effect on interstate commerce, merely that such an effect occurred.[53]

---

[53] Adapted from Third Circuit Model Criminal Jury Instructions, 6.18.1956-2.

INSTRUCTION NO. 67:  Transacting In Criminal Proceeds - Criminally Derived
Property Of A Specified Unlawful Activity Defined

The term "criminally derived property" means any property, or any interest in property, that someone acquires or retains as a result of criminal activity.  Such property may be derived from an already completed offense or from a completed phase of an ongoing offense, such as a wire fraud scheme or conspiracy.

The government is not required to prove that all of the funds involved in the charged transactions were derived from criminal activity.  A financial transaction involves criminally derived property even when proceeds of a specified unlawful activity are commingled in an account with funds obtained from legitimate sources.  It is sufficient if at least part of the funds involved in a transaction represents criminally derived property, as long as the criminally derived property is in excess of $10,000.

The government must prove that the defendant knew that the property involved in the transaction was derived from some form of unlawful activity that is a felony offense under state, federal, or foreign law. The government is not required to prove that the defendant knew what the unlawful activity was.

92

I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud and conspiracy to commit wire fraud. I have explained to you already the elements of these offenses.[54]

---

[54] Adapted from Third Circuit Model Criminal Jury Instructions, 6.18.1956-3 & 6.18.1956-4.

INSTRUCTION NO. 68: Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))[55]

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that, in addition to committing the offense himself, Joseph Sigelman also aided and abetted Knut Hammarskjold and Gregory Weisman in committing the Foreign Corrupt Practices Act violations in Counts Two through Four and the money laundering violations in Count Six. In order to find the defendant guilty of the Foreign Corrupt Practices Act violations in Counts Two through Four and the money laundering violations in Count Six because he aided and abetted Knut Hammarskjold and Gregory Weisman in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

> First: That Knut Hammarskjold or Gregory Weisman committed the offenses charged by committing each of the elements of the offenses charged, as I have explained those elements to you in these instructions. Knut Hammarskjold and Gregory Weisman need not have been charged with or found guilty of the offenses, however, as long as you find that the government proved beyond a reasonable doubt that they committed the offenses.

---

[55] Third Circuit Model Criminal Jury Instruction 7.02 (2014).

94

Second:  That the defendant knew that the offenses charged were going to be committed or were being committed by Knut Hammarskjold or Gregory Weisman, and

Third:  That the defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging Knut Hammarskjold or Gregory Weisman in committing the specific offenses charged and with the intent that Knut Hammarskjold or Gregory Weisman commit those specific offenses, and

Fourth:  That the defendant performed an act in furtherance of the offenses charged.

In deciding whether the defendant had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant's words and actions and the other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offenses is not enough for you to find the defendant guilty as an aider and abetter.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the offense as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by Knut Hammarskjold or Gregory Weisman as something the defendant wished to bring about and to make succeed.

95

To show that the defendant performed an act(s) in furtherance of the offenses charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the defendant which at least encouraged Knut Hammarskjold and Gregory Weisman to commit the offense. That is, you must find that the defendant's acts did, in some way, aid, assist, facilitate, or encourage, Knut Hammarskjold and Gregory Weisman to commit the offenses. The defendant's acts need not further, aid, assist, facilitate, or encourage every part or phase or element of the offenses charged; it is enough if the defendant's acts further, aid, assist, facilitate, or encourage, only one part, phase, or element of the offenses. Also, the defendant's acts need not themselves be against the law.

INSTRUCTION NO. 69: Conspiracy Liability Guilty of the Substantive Offense

There is another method by which you may evaluate the possible guilt of the defendant for the substantive charges in the indictment even if you do not find that the government has satisfied its burden of proof with respect to each element of the substantive crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Counts Two through Four, provided you find, beyond a reasonable doubt, each of the following elements:

First, that the crime charged in the substantive count was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant was a member of that conspiracy at the time the substantive crime was committed;

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of violating the Foreign Corrupt Practices Act, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The same is true with respect to the money laundering counts. If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the money laundering conspiracy charged in Count Five of the indictment, and thus, guilty on the money laundering conspiracy count, then you may also, but you are not required to, find him guilty of the substantive crime charged against him in Count Six, provided you find, beyond a reasonable doubt, the five elements I just read are met.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime under this alternative theory of liability. In that case, the government would be required to prove, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, the substantive crime charged under the previous instructions that I have given you.

<u>INSTRUCTION NO. 70:  Election of Foreperson; Unanimous Verdict; Do Not
Consider Punishment; Duty to Deliberate; Communication with Court</u>[56]

That concludes my instructions explaining the law regarding the

testimony and other evidence, and the offenses charged.  Now let me explain

some things about your deliberations in the jury room, and your possible

verdicts.

First:  The first thing that you should do in the jury room is choose

someone to be your foreperson.  This person will speak for the jury here in

court.  He or she will also preside over your discussions.  However, the views

and vote of the foreperson are entitled to no greater weight than those of any

other juror.

Second:  I want to remind you that your verdict, whether it is guilty or

not guilty, must be unanimous.  To find the defendant guilty of an offense,

every one of you must agree that the government has overcome the

presumption of innocence with evidence that proves each element of that

offense beyond a reasonable doubt.  To find the defendant not guilty, every one

of you must agree that the government has failed to convince you beyond a

reasonable doubt.

Third:  If you decide that the government has proved the defendant

guilty, then it will be my responsibility to decide what the appropriate

punishment should be.  You should never consider the possible punishment in

reaching your verdict.

---

[56]  Third Circuit Model Jury Instruction 3.16 (2015).

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages.  Do not ever write down or tell anyone how you or anyone else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offense.

<u>INSTRUCTION NO. 71:  Verdict Form</u>[57]

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved the defendant guilty of any or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the defendant guilty of some or all of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

---

[57]  Third Circuit Model Jury Instruction 3.17 (2015).

<u>INSTRUCTION NO. 72: Forfeiture – Final Instructions</u> <mark>(If Applicable)</mark>

You have found defendant Joseph Sigelman guilty of _____, as charged in Count(s)_____ of the Indictment.  You now need to consider a special verdict concerning property that the Indictment alleges is subject to forfeiture by the defendant to the Government.  Forfeiture means that the defendant would lose any ownership or interest he has or claims to have in the specified property, as a part of the penalty for engaging in criminal activity.  I instruct you that you are bound by your previous finding that defendant Joseph Sigelman is guilty of _____.

Under federal law, any person convicted of the violations charged in Counts One through Four and Counts Five and Six of the Indictment, shall forfeit to the Government any property that is the proceeds of the offense(s), and any property that was derived from the proceeds of the offense(s).

In deciding whether property is subject to forfeiture, you should not concern yourself with or consider whether any other person may own or have an interest in the property.  I will resolve any such claims.  Similarly, you are not to consider whether the property is presently available.  Your only concern is whether the Government has proven the required connection between the property and the offense(s) for which you have found the defendant guilty.

This property is subject to forfeiture if you find that the Government has proved by a preponderance of the evidence that the property is or was derived

from any proceeds that the defendant obtained, directly or indirectly, as a result of the offenses for which you have found him guilty.

Property is "proceeds" of an offense if the property was obtained directly or indirectly, as a result of the offense. Property "was derived" from the proceeds of an offense if the property was obtained, directly or indirectly, using money or any other source of wealth gained as a result of the commission of the offense.

You may, but you are not required to, find that the property is subject to forfeiture if you find that the Government established by a preponderance of the evidence: (1) that the property was acquired by the defendant during the time period when the defendant was committing the offenses for which you have found him guilty, or within a reasonable time after the commission of those offense(s), and (2) that there was no likely source for the property other than the offense(s) for which you have found the defendant guilty.

Preponderance of the evidence is a lower standard than proof beyond a reasonable doubt, which is the standard you applied in your previous deliberations. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. If you put the credible evidence that is favorable to Government and the credible evidence that is favorable to the defendant on opposite sides of a scale, the scale would have to tip somewhat on the Government's side in order for you to find that the property is subject to forfeiture. However, if the scale tips in favor of the

104

defendant, or if the credible evidence appears to be equally balanced, or if you cannot say on which side the credible evidence is weightier, then you must find that the property is not subject to forfeiture.

In making this determination, you should consider all of the evidence presented on the subject during this proceeding and during the trial, regardless of who offered it.  All of my previous instructions continue to apply, and you should evaluate the evidence and its credibility according to the instructions I gave you earlier.

A Special Verdict Form has been prepared for your use.  With respect to the item of property, you are asked to decide whether it is subject to forfeiture to the Government, based on the reasons I have explained to you.  Your decision must be unanimous.  Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.[58]

---

[58]  Adapted from Third Circuit Model Criminal Jury Instructions, 6.21.853.

<u>CONCLUSION</u>

The United States respectfully requests that the Court instruct the jury at the conclusion of the trial consistently with these proposed points for charge.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

By:   <u>/s/ Zach Intrater          </u>
Zach Intrater
Assistant U.S. Attorney

106

### **Certificate of Service**

I certify that the I served the foregoing "United States' Proposed Final Jury Instructions" on counsel of record for defendant Joseph Sigelman by filing this document electronically on the docket of this case.

/s/Zach Intrater