

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*　　　　*(973) 645-2700*
*Newark, NJ 07102*

June 15, 2015

William A. Burck, Esq.
Juan Pablo Morillo, Esq.
William C. Price, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
777 6th Street NW
11th Floor
Washington, DC 20001

Cr. 14-263 (JEI)

Patrick J. Egan, Esq.
Fox Rothschild, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103

Re: Plea Agreement with Joseph Sigelman

Dear Mr. Burck, Mr. Morillo, Mr. Price & Mr. Egan:

This letter sets forth the plea agreement between your client, Joseph Sigelman, and the Department of Justice, Criminal Division, Fraud Section and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Joseph Sigelman to Count One of the Superseding Indictment, Crim. No. 14-263, charging him with conspiracy to commit a violation of the Foreign Corrupt Practices Act, in violation of 18 U.S.C. § 371. If Joseph Sigelman enters a guilty plea and is sentenced on the charge consistent with the stipulated range under Federal Rule of Criminal Procedure 11(c)(1)(C), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal proceedings against Joseph Sigelman for conduct arising out of the transactions described in the Superseding Indictment, Crim. No. 14-263. In addition, if Joseph Sigelman fully complies

with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the wire fraud object set forth in paragraph 26.a. of Count One and Counts Two through Six of the Superseding Indictment, Crim. No. 14-263, against Joseph Sigelman. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Joseph Sigelman may be commenced against him, notwithstanding the expiration of the limitations period after Joseph Sigelman signs the agreement. Moreover, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Joseph Sigelman knowingly and voluntarily waives any claim that the Double Jeopardy Clause of the Constitution prevents his prosecution for any or all of the crimes charged in the Superseding Indictment. Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

The parties agree to waive a Presentence Report in this matter. If the Court does not consent to this waiver, this Office will advise the Court and the United States Probation Department of information related to sentencing, and such information may be used by the Court in determining whether to accept this plea and in deciding Joseph Sigelman's sentence.

Sentencing

The violation of 18 U.S.C. § 371 to which Joseph Sigelman agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Joseph Sigelman, the sentencing judge: (1) will order Joseph Sigelman to pay an assessment of $100 pursuant to 18 U.S.C. § 3013 per count, which assessment must be paid by the date of sentencing; (2) may order Joseph Sigelman, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (3) inform Joseph Sigelman that should he violate any terms of a probationary sentence, pursuant to 18 U.S.C. § 3565 the Court may revoke the probationary sentence and impose any sentence that initially could have been

imposed; and (4) pursuant to 18 U.S.C. § 3583, may require Joseph Sigelman to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Joseph Sigelman be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Joseph Sigelman may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

This Office and Joseph Sigelman agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to be imposed on Joseph Sigelman, should be as follows: (1) a range from a non-custodial term of probation up to 12 months and one day of incarceration; (2) a fine to be determined by the Court; (3) a term of supervised release of not more than three years; (4) a special assessment of $100; and (5) agreed-upon payment in the amount of $239,015.54 pursuant to 18 U.S.C. § 3663(a)(3).

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and Joseph Sigelman agree that no other sentence or fine is appropriate, beside those set forth in the preceding paragraph. If the Court accepts this plea agreement, Joseph Sigelman must be sentenced accordingly.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to argue for any particular sentence within the range agreed upon by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). This Office further reserves its right to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Joseph Sigelman' activities and relevant conduct with respect to this case.

### Stipulations

This Office and Joseph Sigelman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the

parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Joseph Sigelman from any other portion of this agreement, including any other stipulation. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

Joseph Sigelman knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the Court imposes as part of its sentence a range from a non-custodial term of probation up to a period of incarceration of 12 months and one day.

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if the plea is accepted and the Court imposes a sentence within a range from a non-custodial term of probation up to a period of incarceration of no more than 12 months and one day. Furthermore, if the Court accepts the terms of this plea agreement, including the agreed upon sentencing range stipulated to by the parties, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Other Provisions

This agreement is limited to the Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the District of New Jersey, and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Joseph Sigelman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Joseph Sigelman.

No provision of this agreement shall preclude Joseph Sigelman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Joseph Sigelman received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Joseph Sigelman and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ANDREW WEISSMANN  
Chief, Fraud Section  
Criminal Division  
U.S. Department of Justice

By: PATRICK F. STOKES  
Deputy Chief  
TAREK HELOU  
Assistant Chief

PAUL J. FISHMAN  
United States Attorney  
District of New Jersey

By: ZACH INTRATER  
Assistant U.S. Attorney  
District of New Jersey

APPROVED:

WILLIAM FITZPATRICK  
First Assistant United States Attorney  
District of New Jersey

I have received this letter from my attorneys, William A. Burck, Juan P. Morillo, William C. Price, and Patrick J. Egan, Esqs. I have read it, and I understand it fully. My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and forfeiture, as well as the impact Federal Rule of Criminal Procedure 11(c)(1)(C) has upon this agreement. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 6/15/15
Joseph Sigelman

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and forfeiture, as well as the impact Federal Rule of Criminal Procedure 11(c)(1)(C) has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: June 15, 2015
William A. Burck, Esq.
Juan P. Morillo, Esq.
William C. Price, Esq.
Patrick J. Egan, Esq.

- 7 -

Plea Agreement With Joseph Sigelman

Schedule A

1. This Office and Joseph Sigelman agree to stipulate to the following facts:

a. At all times relevant to the Superseding Indictment, Ecopetrol, S.A. ("Ecopetrol"), was an "instrumentality" of the Republic of Colombia.

b. David Duran was an employee of Ecopetrol at all times relevant to the Superseding Indictment, and he therefore constituted a "foreign official" as defined in the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2(h)(2)(A).

c. At all times relevant to the Superseding Indictment, Joseph Sigelman was a United States citizen and the co-Chief Executive Officer of PetroTiger, Ltd. (or an executive of its predecessor entity), an oil and gas services company based in Colombia. Therefore, at all times relevant to the Superseding Indictment, Joseph Sigelman was a domestic concern, as defined in the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2(h)(1)(A).

d. From in or about May 2010 through in or about December 2010, Joseph Sigelman willfully conspired with Knut Hammarskjold, Gregory Weisman, and others to make use of the interstate wires in furtherance of payments to David Duran totaling $333,500 to improperly induce David Duran to use his influence with Ecopetrol in order to assist Sigelman, Hammarskjold, Weisman, and others in obtaining and retaining a $45 million oil services contract for PetroTiger.

2. In accordance with the above, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a sentence of a range from a non-custodial term of probation up to 12 months and one day incarceration, a period of not more than three years of supervised release, a fine to be determined by the Court, and agreed-upon payment pursuant to 18 U.S.C. § 3663(a)(3) in the amount of $239,015.54 (hereinafter the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a), and neither party will argue for a sentence outside of the Stipulated Sentence. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. Moreover, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force

and effect, Joseph Sigelman knowingly and voluntarily waives any claim that the Double Jeopardy Clause of the Constitution prevents his prosecution for any or all of the crimes charged in the Superseding Indictment.

       3. Joseph Sigelman knows that he has and, except as noted below in this paragraph or elsewhere in this agreement, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the Stipulated Sentence if it is imposed by the Court. This Office will not file any appeal, motion or writ which challenges the Stipulated Sentence if it is imposed by the Court. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that proposed by any of the parties. Furthermore, if the sentencing court accepts the stipulations set forth in Schedule A, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

       4. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ or motion not barred by the preceding paragraph.